492 So.2d 700 (1986)
GOOD HOUSEKEEPING GAS COMPANY and Crawford & Company, Appellants,
v.
Freddie D. KITLER, Appellee.
No. BK-141.
District Court of Appeal of Florida, First District.
July 9, 1986.
Rehearing Denied September 5, 1986.
*701 M. Wayne Myers, Coker, Myers & Schickel, P.A., Jacksonville, for appellants.
John J. Sulik, Dawson, Galant, Sulik & Ellis, Jacksonville, for appellee.
WIGGINTON, Judge.
The employer/carrier (E/C) appeal the deputy commissioner's order in which the deputy held that there is no statutory authority for offsetting social security disability benefits from wage-loss benefits. We affirm.
The E/C have been paying wage-loss benefits to claimant since April 4, 1985, the date on which claimant reached maximum medical improvement. In addition, claimant had been receiving social security disability benefits, so, as of May 1, 1985, the E/C took advantage of the social security offset provision in section 440.15(9)(a), Florida Statutes (1985), thereby reducing claimant's monthly wage-loss benefits.
At the claim hearing, claimant contested the E/C's taking the offset. In her ensuing order, the deputy held, inter alia, that, "taking into consideration Sections 440.15(9)(a) [440.15(10)(a)] and 440.15(3)(b)(4)," there is no authority for offsetting social security disability benefits from wage-loss benefits. Accordingly, the E/C were ordered to pay claimant the amount of the offset taken.
Section 440.15(9)(a) provides:
(a) Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. s. 423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee and his dependents, had such employee not been entitled to benefits under this chapter, under 42 U.S.C. ss. 423 and 402, does not exceed 80 percent of the employee's average weekly wage. However, this provision shall not operate to reduce an injured worker's benefits under this chapter to a greater extent than they would have otherwise been reduced under 42 U.S.C. s. 424(a). This reduction of compensation benefits is not applicable to any compensation benefits payable for any week subsequent to the week in which the injured worker reaches the age of 62 years.
[Emphasis supplied.] Thus, by the statute's terms, the offset is keyed to weekly compensation benefits. As claimant argues, wage-loss benefits are paid monthly, based on an average monthly wage. See section 440.15(3)(b)1., Fla. Stat. (1981). Although the E/C argue that wage loss in truth contemplates a claimant's weekly earnings and is paid monthly for convenience only, and is in fact the "periodic benefits for a total or partial disability" as contemplated in the Federal offset provision, 42 U.S.C. § 424a,[1] we decline to interpret *702 the term "weekly" in section 440.15(9)(a) as meaning anything other than weekly.[2] To hold otherwise might contravene legislative intent, the ramifications of which, we note, have not been thoroughly discussed by the parties. Instead, our decision to affirm the deputy's order maintains the integrity of the statutory language until the legislature desires to elucidate its intent through statutory amendment.[3]
AFFIRMED.
SMITH and JOANOS, JJ., concur.
NOTES
[1] The Federal offset provision, 42 U.S.C. § 424a provides in relevant part:

(a) If for any month prior to the month in which an individual attains the age of 62 
(1) such individual is entitled to benefits under Section 423 [42 U.S.C. Section 423], and
(2) such individual is entitled for such month to periodic benefits on account of such individual's total or partial disability (whether or not permanent) under 
(A) a workmen's compensation law or plan of the United States or a State, or
(B) any other law or plan of the United States, a State, a political subdivision (as that term is used in section 418(b)(2) of this title), or an instrumentality of two or more States (as that term is used in section 418(k) of this title),
other than benefits payable under Title 38, benefits payable under a program of assistance which is based on need, benefits based on service all, or substantially all, of which was included under an agreement entered into by a State and the Secretary under section 418 of this title, and benefits under a law or plan of the United States based on service all or part of which is employment as defined in section 410 of this title,
the total of his benefits under section 423 of this title for such month and of any benefits under section 402 of this title for such month based on his wages and self-employment income shall be reduced (but not below zero) by the amount by which the sum of 
(3) such total of benefits under sections 423 and 402 of this title for such month, and
(4) such periodic benefits payable (and actually paid) for such month to such individual under such laws or plans,
exceeds the higher of 
(5) 80 per centum of his "average current earnings", or
(6) the total of such individual's disability insurance benefits under section 423 of this title for such month and of any monthly insurance benefits under section 402 of this title for such month based on his wages and self-employment income, prior to reduction under this section.
In no case shall the reduction in the total of such benefits under sections 423 and 402 of this title for a month (in a continuous period of months) reduce such total below the sum of 
(7) the total of the benefits under sections 423 and 402 of this title, after reduction under this section, with respect to all persons entitled to benefits on the basis of such individual's wages and self-employment income for such month which were determined for such individual and such persons for the first month for which reduction under this section was made (or which would have been so determined if all of them had been so entitled in such first month), and
(8) any increase in such benefits with respect to such individual and such persons, before reduction under this section, which is made effective for months after the first month for which reduction under this section is made.
[2] In contrast, section 440.15(3)(b)4 specifically addresses wage-loss benefits by providing an offset for social security retirement benefits.
[3] By affirming on this point, we need not reach the E/C's second point challenging the deputy's reservation of jurisdiction on the claim for attorney's fees.