515 So.2d 294 (1987)
STATE of Florida, DIVISION OF WORKERS' COMPENSATION, ADMINISTRATIVE TRUST FUND and Walt Disney World, Appellants,
v.
William HOOKS, Appellee.
No. BQ-426.
District Court of Appeal of Florida, First District.
October 22, 1987.
*295 Jeffries H. Duvall, Tallahassee, for appellants.
Howard G. Butler of Meyers and Mooney, Orlando, for appellee.
Richard A. Sicking of Kaplan, Sicking & Bloom, P.A., Miami, for amicus curiae Sue La Duke and Joan Olsen.
BARFIELD, Judge.
Appellant seeks review of a compensation order finding that supplemental worker's compensation benefits received by an injured employee who also receives social security benefits are not subject to the cap of 80 percent of average weekly wage established in section 440.15(10), Florida Statutes (Supp. 1978)[1] Agreeing with appellant that the deputy commissioner erred in this finding, we reverse the order.
The deputy commissioner found supplemental benefits payable under section 440.15(1)(e) are not subject to the limitation of the statutory "social security offset." Such benefits were found to be intended by the legislature as a hedge against inflation so that the purchasing power of the employee's benefits would not be reduced over time due to inflation. To include supplemental benefits within the 80 percent cap would thwart the legislative intent to provide a cost of living increase to disabled employees. The deputy also noted that supplemental benefits, while called weekly compensation benefits, actually were paid every 28 days, citing Good Housekeeping Gas Co. v. Kitler, 492 So.2d 700 (Fla. 1st DCA 1986).
Section 440.15(1)(e), Florida Statutes, awards an "injured employee ... additional weekly compensation benefits equal to 5 percent of his weekly compensation rate ... multiplied by the number of calendar years since the date of the injury." (e.s.) The legislature created a "social security offset"[2] whereby "weekly compensation benefits" received by an employee eligible for federal social security benefits are reduced to an amount where the combined benefits do not exceed 80 percent of the employee's average weekly wage. That subsection further provides that "[n]o disability compensation benefits payable for any week, including those benefits provided by paragraph (1)(e) [supplemental benefits] shall be reduced" until the employee actually begins receiving social security benefits. (e.s.)[3]
The legislature's intent to include supplemental benefits within those benefits subject to the 80 percent cap of the social security offset is clear. Section 440.15(10), Florida Statutes expressly includes supplemental benefits within those benefits subject to the 80 percent limitation in computing the offset. The statute provides for no other interpretation than for such inclusion. While we appreciate the deputy's concern for the effects of inflation and the need to compensate a disabled employee with no ready means to counter its impact, we are bound to give effect to the legislature's clearly expressed intent to subject such benefits to this limitation. While recognizing this court has held that social security cost of living increases and wage loss benefits are not included when computing the 80 percent limitation[4], we cannot extend those holdings to exclude supplemental benefits from calculation of those benefits subject to that limitation. That relief must come from the legislature. We find no comfort in the fact that appellant pays supplemental benefits monthly when the statute expressly refers to supplemental benefits as "additional weekly compensation benefits." This administrative convenience *296 cannot defeat the clear legislative intent.
The deputy commissioner's order is REVERSED and the matter REMANDED for entry of an order consistent with this decision.
BOOTH and WIGGINTON, JJ., concur.
NOTES
[1] Now section 440.15(9), Florida Statutes.
[2] § 440.15(10), Florida Statutes (Supp. 1978).
[3] An employee's failure to authorize the release of information to the e/c or the appellant regarding social security benefits will result in the loss of benefits including supplemental benefits until such authorization is given. § 440.15(10)(c).
[4] Good Housekeeping Gas Co. v. Kitler, 492 So.2d 700 (Fla. 1st DCA 1986) (wage loss benefits not subject to social security offset as such benefits are not weekly benefits, but are statutorily described as monthly benefits); Great Atlantic & Pacific Tea Co., 380 So.2d 558 (Fla. 1st DCA 1980) (social security cost-of-living increases not included within 80 percent cap).