584 So.2d 52 (1991)
PAN AMERICAN BANK and C.L.A.S., Appellants,
v.
Marie Ann GLINSKI, Appellee.
No. 91-140.
District Court of Appeal of Florida, First District.
July 17, 1991.
Rehearing Denied August 23, 1991.
*53 Robert L. Teitler of Walton Lantaff Schroeder & Carson, Miami, for appellants.
Mark L. Zientz of Williams & Zientz, Miami, for appellee.
ZEHMER, Judge.
The employer and carrier appeal a workers' compensation order awarding the claimant permanent total disability benefits and denying an offset against the compensation benefits for social security benefits being received by the claimant. We affirm for the following reasons.
The permanent total disability award is supported by competent substantial evidence. Dr. Jaen opined that the claimant reached maximum medical improvement on May 7, 1990, with a 30% permanent impairment of the entire body. He stated that she could return to light duty work, but that she would be restricted to a job that would not require her to sit for more than 30 minutes continuously or stand for more than 90 minutes continuously, and she was not to stoop, bend, or walk up and down stairs. On June 11, 1990, Dr. Jaen stated that claimant would be limited to working only 4 days per week. On August 10, 1990, Dr. Jaen added to claimant's limitations that she could not lift more than 30 pounds, and further restricted continuous standing to no more than 45 minutes. Cynthia Kirsch, a licensed rehabilitation evaluator, testified that she prepared an evaluation of claimant based on claimant's physical limitations, work history, and education. She also performed a survey of the market in claimant's area of employment. Based on this information, Ms. Kirsch opined that claimant is not capable of gainful employment due to her physical limitations, particularly the limitation on sitting for prolonged periods of time. In her opinion, a work search would be futile. She opined that claimant could not be rehabilitated through education or training to a point where she would be able to obtain and perform gainful employment. Again, the primary impediment to obtaining rehabilitation is the fact that claimant could not sit through the required classes.
The employer and carrier argue that because Dr. Jaen stated claimant could return to work, she was required to perform a lengthy and exhaustive work search as a prerequisite to obtaining an award of permanent total disability benefits. This argument, however, misconceives the nature of the proof required to establish the essential statutory elements of that award. The statutes in effect on the date of claimant's injury in 1983 are applicable to the determination of her substantive rights. The term "disability" is defined in those statutes as meaning "incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of injury." § 440.02(9), Fla. Stat. (1983). Permanent total disability benefits are payable upon a determination that claimant's disability is both total and permanent. Here, the medical testimony established that claimant was suffering from a substantial permanent impairment due to the injury that severely restricted her ability to engage in physical activities. Although Dr. Jaen encouraged claimant to return to work in spite of these restrictions, he was not shown to be a qualified expert in the marketing of labor services and his testimony would not serve as competent proof that claimant remained capable of earning wages in the existing labor market. Rather, the evidence presented by Ms. Kirsch, a witness shown to be qualified to express an opinion as to the claimant's employability in the job market while taking into account her physical limitations, including those imposed by Dr. Jaen, was competent substantial evidence sufficient to support a finding that claimant was totally disabled from earning the wages she was receiving at the time of her injury. There simply is no legal requirement that claimant is limited to either presenting medical testimony that she cannot *54 return to work or performing an exhaustive work search before qualifying for permanent total disability benefits. The combination of the medical proof presented here coupled with the other evidence received by the judge was legally sufficient to support the award in this case. See Bill's Equipment and Rentals v. Teel, 498 So.2d 536 (Fla. 1st DCA 1986), wherein this court affirmed an award of permanent total disability benefits in the absence of medical evidence that the claimant was totally unable to work because the physical restrictions placed on the claimant's activities effectively eliminated all types of employment within his capacity and qualifications. We further held that the deputy commissioner did not err in excusing the claimant's failure to actively seek employment because the evidence showed that the claimant's effort to find employment would be a futile and useless gesture.
There was likewise no error in denying the requested social security offset under the circumstances of this case and ordering that the amounts so withheld by the employer and carrier be reimbursed to the claimant. The appealed order finds that the employer and carrier had not obtained from the Social Security Administration a full payment record showing the initial month of entitlement to social security benefits and whether the social security benefits had already been offset by the Social Security Administration itself. Therefore, the order comports with this court's decision in Colonel's Table v. Malena, 412 So.2d 64 (Fla. 1st DCA 1982). In that case, the employer and carrier accepted the claimant as permanently and totally disabled but discontinued compensation payments, contending that they were entitled to do so because the claimant was receiving social security benefits for herself and her minor child in excess of the weekly compensation amount. At the hearing on this issue, neither party presented any evidence as to the amount of offset that could otherwise be taken by the Social Security Administration pursuant to 42 U.S.C. § 424a. The deputy commissioner held that the employer and carrier's failure to establish the amount of offset that could otherwise be taken by the Social Security Administration precluded the employer and carrier from taking the statutory offset until such information was provided. This court affirmed the deputy commissioner's order, stating that such an offset should not be permitted in the absence of evidence that it is warranted. This court further stated that since the chapter 440 statutory offset provision is a defense to the payment of compensation otherwise due, "the burden of proving its appropriateness and applicability would appear to be one which employer and carrier must bear." 412 So.2d at 66.
The appealed order in this case also denied the social security offset and ordered the sums withheld by the employer and carrier reimbursed to the claimant because the compensation benefits paid to the claimant under the 1983 statute were monthly benefits not subject to social security offsets. In Good Housekeeping v. Kitler, 492 So.2d 700 (Fla. 1st DCA 1986), we held that the statute authorizing offset of social security disability benefits against weekly workers' compensation benefits does not authorize social security offsets against wage loss benefits, because wage loss benefits are paid monthly and are based on an average monthly wage. While the statute authorizing social security offsets, section 440.15(9)(a), keys such offsets to "weekly" benefits, the statute governing wage loss benefits, section 440.15(3)(b), Florida Statutes (1989), was amended in 1989 to provide that wage loss benefits are to be based on a claimant's average weekly wage and payable on a biweekly basis. The employer and carrier argue that this amendment to section 440.15(3)(b) allows them to apply the social security offset provision to all wage loss benefits paid after the date of the amendment. The employer and carrier have not yet established that any such offset would be proper for the reasons stated in the preceding paragraph, so we do not reach the issue concerning whether the 1989 amendment to section 440.15(3)(b) can operate to subject wage loss benefits paid after the date of that amendment to social security offsets. This issue will become ripe for review only *55 after the employer and carrier obtain the necessary information from the Social Security Administration and attempt to withhold any offset.
The order is AFFIRMED.
SHIVERS and KAHN, JJ., concur.