589 So.2d 367 (1991)
Verlin E. HYATT, Appellant,
v.
LARSON DAIRY, INC. and Florida Insurance Guaranty Association, Appellees.
No. 90-3242.
District Court of Appeal of Florida, First District.
November 12, 1991.
David C. Chafin, of Lloyd, Hoskins & Pierce, P.A., Fort Pierce, for appellant.
Elizabeth C. Wheeler, of Johnson and Bussey, P.A., Orlando, for appellees.
SHIVERS, Judge.
This appeal is from a workers' compensation order finding that the employer/carrier (e/c) are taking the correct amount of social security offset. We affirm.
Hyatt suffered a compensable injury in 1985. He began receiving social security benefits in November 1986. Hyatt reached maximum medical improvement on September 27, 1987; and he was voluntarily accepted for permanent total disability benefits on October 5, 1988, retroactive to September 1, 1988. The following numbers are not disputed:

average weekly wage
(AWW) ................................. $330.55
80% of AWW ............................ $264.44
weekly compensation rate .............. $220.36 (2/3 of AWW)
weekly social security benefit ........ $ 45.59
§ 440.15(1)(e) supplemental
benefit ............................... $ 11.02 (5% of $220.36)
supplemental benefit as of
1988 .................................. $ 33.06
1990 maximum compensation
rate .................................. $382.00

In November 1989 the carrier took a social security offset of $34.57, reducing Hyatt's weekly compensation rate to $185.79. The calculation was as follows:

 $220.36 (weekly compensation rate)
 plus $ 33.06 (supplemental benefit)
 plus $ 45.59 (weekly social security benefit)
 _______
 $299.01 Subtotal
 minus $264.44 (80% of AWW)
 _______
 $ 34.57 Social security offset.

Hyatt filed an amended claim for benefits on January 26, 1990. Hyatt claimed the correct social security offset was $1.50, which would give Hyatt a compensation rate of $218.86. He argued the offset should be calculated without factoring the $33.06 supplemental benefit. Hyatt also *368 claimed he is due the supplemental benefit in addition to the compensation rate, raising his weekly benefit to $251.92. He argued there should be two calculations  one for social security benefits and another for supplemental benefits:

 $220.36 (weekly compensation rate)
 plus $ 45.58 (weekly social security benefit)
 _______
 $265.94 Subtotal
 minus $264.44 (80% of AWW)
 _______
 $ 1.50 Social security offset.

The judge of compensation claims agreed with the e/c's method of calculating the social security offset; and we agree with the judge of compensation claims. "The legislature's intent to include supplemental benefits within those benefits subject to the 80 percent cap of the social security offset is clear." Division of Workers' Compensation v. Hooks, 515 So.2d 294, 295 (Fla. 1st DCA 1987).
Hyatt argues that he should receive supplemental benefits in addition to his weekly compensation rate. We construe the order on appeal as so finding. For example, in 1988 Hyatt is entitled to a weekly compensation rate of $185.79 plus $33.06 in supplemental benefits. When Hyatt's $45.59 social security benefit is added, his weekly benefits total $264.44; and because that total does not exceed the AWW, Hyatt will receive the full amount. See section 440.15(9)(a), Florida Statutes (1988).
AFFIRMED.
ERVIN and WIGGINTON, JJ., concur.