SHIVERS, Judge.
This appeal is from a workers’ compensation order awarding permanent total disability benefits. We affirm.
In 1987 Dorothy Yeager suffered two compensable accidents in a two month period while employed by Vista Manor Nursing Home as a nurse’s assistant. As a result of the accidents, Yeager’s jaw, chest, abdomen, back, knees and wrists were injured. The employer and its workers’ compensation insurance carrier (e/c) paid temporary total disability benefits beginning the day after the second accident.
Dr. Armand Zilioli examined Yeager and assigned her a permanent impairment rating. The doctor reported that Yeager should avoid lifting more than twenty-five pounds and avoid long periods of standing or walking. Within those restrictions, Dr. Zilioli determined that Yeager could gradually build up to full time employment with intermittent sitting, standing and walking, provided Yeager undergoes successful surgery.
Dr. Eduardo Raheb examined Yeager and recommended she avoid “any pushing, pulling, bending, squatting and lifting,” but he determined she could work in a sedentary job subject to those limitations. Dr. Raheb also recommended that Yeager not lift more than five to ten pounds and should not stand for more than two hours. The doctor assigned a five percent permanent partial disability rating to Yeager’s back.
Yeager claimed permanent total disability benefits. A hearing on the claim was conducted on September 24, 1991. Joseph Agrusa testified as an expert in vocational rehabilitation. He met with Yeager on May 20, 1991. After reviewing the medical reports from Yeager’s doctors and conducting a labor market survey, Agrusa concluded that Yeager could no longer work as a nurse’s assistant. He also conducted a transferable skills analysis and determined that “there were no positions that were appropriate for her transferable skills.” He said, “I don’t believe there’s an appropriate retraining program for her.... Based on the level of restrictions that the physician has assigned, I don’t believe a job search would be appropriate.” Agrusa testified that Yeager is not employable within the geographical areas surrounding the place of her injury or her current residence.
Yeager testified she is sixty-one years old and has a ninth grade education. She lives with her teenage grandson. Yeager now suffers pain in her wrists, knees, back, head, breasts, and abdomen. She said she cannot sleep through the night because of headaches and back and leg pain. Her legs sometimes feel numb, causing extreme difficulty driving and walking. Although nobody told her she had to look for work, Yeager did try unsuccessfully over the phone to find work. She has not looked for work in the past year because the doctor told her not to. Yeager does not think she can find a job.
The judge of compensation claims (JCC) found that Yeager’s testimony was particularly credible. Based on the testimony of Yeager and Agrusa, and the permanent impairment ratings assigned by Drs. Zilioli and Raheb, the JCC found that Yeager was permanently and totally disabled.
*1313 The e/e argue on appeal that there is no competent, substantial evidence to support the award of permanent total disability-benefits because both doctors testified Yeager could work with restrictions. The e/c further argue that Agrusa’s and Yeager’s testimonies are not competent evidence to support a finding Yeager cannot find a job; Yeager’s own opinion that she cannot find a job is not competent to support a PTD award absent an exhaustive job search or supportive medical testimony.
We reject the e/c’s argument on the authority of Pan American Bank v. Glinski, 584 So.2d 52 (Fla. 1st DCA 1991).
There simply is no legal requirement that claimant is limited to either presenting medical testimony that she cannot return to work or performing an exhaustive work search before qualifying for permanent total disability benefits. The combination of the medical proof presented here coupled with the other evidence received by the judge was legally sufficient to support the award in this case.
Id. at 53-54 (emphasis in original). In Glinski, as in the instant case, “the medical testimony established that claimant was suffering from a substantial permanent impairment due to the injury that severely restricted her ability to engage in physical activities.” Id. at 53. Taken in context with the doctors’ testimonies regarding the extent of Yeager’s physical limitations and the seriousness of her medical condition, and given Yeager’s age and lack of trans-ferrable skills, Agrusa’s and Yeager’s testimonies are competent, substantial evidence that Yeager is not employable, a work search would be futile and, accordingly, Yeager is permanently and totally disabled.
AFFIRMED.
ZEHMER and KAHN, JJ., concur.