617 So.2d 753 (1993)
CITY OF NORTH BAY VILLAGE and Insurance Servicing and Adjusting Company, Appellants,
v.
James COOK, Appellee.
No. 92-00160.
District Court of Appeal of Florida, First District.
April 16, 1993.
Rehearing Denied May 28, 1993.
Iliana Forte of Almeyda & Hill, Miami, for appellants.
Karen K. Schroll, Miami, for appellee.
PER CURIAM.
This cause is before us on appeal from an order awarding previously offset workers' compensation benefits pursuant to Barragan v. City of Miami, 545 So.2d 252, 255 (Fla. 1989). The employer and carrier (E/C) contend that the judge of compensation claims (JCC) erred in denying the inclusion of state supplemental benefits in the calculation of claimant's average monthly wage.
On February 4, 1984, claimant was injured in a work-related accident. Claimant was accepted as permanently and totally disabled and has been receiving the maximum compensation rate allowable since the *754 date of the accident. In addition, claimant receives the five-percent supplemental benefit paid pursuant to section 440.15(1)(e)1, Florida Statutes (1983).
On May 9, 1985, claimant began receiving disability retirement benefits from the City of North Bay Village, payable from the pension fund. This payment was reduced by the amount of claimant's workers' compensation benefits.
On June 25, 1990, claimant filed a claim for benefits, asserting that he was entitled to the previously-reduced workers' compensation benefits pursuant to Barragan, supra. At final hearing, the E/C argued that the supplemental benefits paid pursuant to section 440.15(1)(e)1, Florida Statutes (1983), should be added to the permanent total disability and pension benefits, but the sum cannot exceed the average monthly wage cap as set forth in Barragan. The JCC ruled that state supplemental benefits should not be included in the calculation of claimant's average monthly wage and, accordingly, awarded the full offset benefits.
In Barragan, supra, 545 So.2d at 255, the Supreme Court held:
The employer may not offset workers' compensation payments against an employee's pension benefits except to the extent that the total of the two exceeds the employee's average monthly wage. [emphasis added]
Section 440.02(6), Florida Statutes (1983), provides in pertinent part:
"Compensation" means the money allowance payable to an employee or to his dependents as provided for in this chapter.
Section 440.15(1)(e)1, Florida Statutes (1983), states in pertinent part:
In case of permanent total disability resulting from injuries which occurred subsequent to June 30, 1955, ... the injured employee shall receive from the division additional weekly compensation benefits equal to 5 percent of the injured employee's weekly compensation rate. [emphasis added]
Supplemental benefits are compensation payments provided under section 440.15(1)(e)1, Florida Statutes (1983), and should have been considered as part of claimant's total compensation payments in calculating the offset. Barragan, supra.
Accordingly, the order is reversed and remanded for proceedings consistent herewith.
BOOTH and WEBSTER, JJ., concur.
ERVIN, J., dissents with written opinion.
ERVIN, Judge, dissenting.
In reversing the judge of compensation claims' (JCC's) refusal to include supplemental benefits in the calculation of claimant's average monthly wage, the majority does not discuss what effect Section 440.15(12), Florida Statutes (Supp. 1990), has on the issue raised. Subsection (12) provides in part: "[N]othing in this chapter shall be construed to prevent the reduction of pension benefits paid by said [public] employer by the amount of workers' compensation payments paid by the employer." (Emphasis added.) This language is clear: It authorizes a public employer to reduce the pension benefits paid by it to the employee by the amount of workers' compensation payments also paid by it; however, it does not authorize the reduction of pension benefits if the employer does not pay compensation benefits.
Because claimant's injury occurred after June 30, 1955 and before July 1, 1984, the supplemental benefits paid to him were not paid by the employer, but rather by the Division of Workers' Compensation out of the Workers' Compensation Administration Trust Fund. Section 440.15(1)(e)1, Fla. Stat. (Supp. 1990). As a consequence, supplemental benefits should not be included in the calculation of the worker's average monthly wage in determining the Barragan[1] offset. Although subsection (12) does not by its terms explicitly forbid a public employer from including the amount of supplemental benefits in an employee's average monthly wage when calculating the offset, such must be considered the obvious intent of the legislature after applying *755 the statutory construction maxim "expressio unius est exclusio alterius," meaning the expression of one thing is the exclusion of another.
I am fully aware that subsection (12) did not go into effect until July 1, 1990, see Chapter 90-201, sections 20 and 121, at 934, 945 and 1042, Laws of Florida, after the occurrence of claimant's injury, and that normally the rights of the parties are fixed as of the date of injury. Nevertheless it appears that subsection (12) was merely, as the appellant acknowledges, a codification of the Barragan decision. As such, the amendment should be accorded retroactive application. Placing such a construction on the statute would make it consistent with this court's holdings in City of Miami v. Burnett, 596 So.2d 478 (Fla. 1st DCA), review denied sub nom., City of Miami v. Ogle, 606 So.2d 1164 (Fla. 1992), and City of Daytona Beach v. Amsel, 585 So.2d 1044 (Fla. 1st DCA 1991), that Barragan is to be given retroactive application as of the date the invalid municipal ordinance became effective.
Moreover, section 440.15(12) should be considered a remedial statute and should for that reason be applied retroactively. A remedial statute does not establish a new right, nor does it impair a vested right; instead it operates to confirm existing rights or advance an existing remedy. City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961) (workers' compensation law governing reimbursement of carrier when another carrier is found to be liable for compensable claim, was remedial and retroactive); State v. Kelley, 588 So.2d 595 (Fla. 1st DCA 1991) (on rehearing) (statute establishing right to appeal from orders granting judgment of acquittal after jury verdict was remedial); Hapney v. Central Garage, Inc., 579 So.2d 127 (Fla. 2d DCA) (statute articulating burden of proof in cases regarding covenants not to compete did not affect existing substantive right to enforce such contracts by injunction, and was remedial), review denied, 591 So.2d 180 (Fla. 1991); Ziccardi v. Strother, 570 So.2d 1319 (Fla. 2d DCA 1990) (section 772.104, enacted in 1986 to correct problems resulting from including its RICO predecessor, section 895.05, in the criminal statutes, was remedial, and applicable to cause of action that accrued in 1979).
If the legislature had intended that supplemental benefits be included in the calculation of a worker's average monthly wage when determining the employer's right to an offset, it could have so stated as it has done in other provisions of the act relating to certain types of offsets. For example, in Division of Workers' Compensation, Administrative Trust Fund v. Hooks, 515 So.2d 294 (Fla. 1st DCA 1987), the issue before the court was whether supplemental benefits were subject to the cap of the statutory social security offset, limiting the combined payments of workers' compensation and social security disability benefits to no more than 80 percent of an employee's average monthly wage, as provided in Section 440.15(10), Florida Statutes (Supp. 1978). In concluding that the legislature intended to make supplemental benefits subject to the 80 percent cap, this court noted that subsection (10) specified that "[n]o disability compensation benefits payable for any week, including those benefits provided by paragraph (1)(e) [supplemental benefits] shall be reduced" until the employee begins receiving social security benefits. Id. at 295. Thus the court considered that the statute allowed no interpretation other than one including supplemental benefits within the benefits, thereby making them subject to the 80 percent cap.
I am, however, unable to find any similar expression of legislative intent which would permit the inclusion of supplemental benefits within the calculation of an employee's average monthly wage when determining whether a public employer is entitled to a Barragan offset. In the absence of any such expression, the provision in subsection (12), clarifying that the employer may reduce pension benefits by the amount of compensation benefits paid by the employer, is applicable, thereby precluding the inclusion of supplemental benefits therein.
NOTES
[1] Barragan v. City of Miami, 545 So.2d 252 (Fla. 1989).