764 So.2d 708 (2000)
FLORIDA POWER CORPORATION and RSKCO, Appellants,
v.
Lloyd VAN LOAN, Appellee.
No. 1D99-3002.
District Court of Appeal of Florida, First District.
June 19, 2000.
*709 James H. Smith of Smith, Andrews, Rogers & Brady, Tampa, for Appellants.
Maureen Proctor Kole and James A. Kole of Solomon & Proctor, P.A., Tallahassee, for Appellee.
WEBSTER, J.
In this workers' compensation case, the employer and servicing agent argue that the judge of compensation claims erred as a matter of law in two aspects of the computation of the social security offset: in concluding that the offset should be applied against the claimant's "actual compensation rate," rather than against the maximum compensation rate authorized by statute; and in concluding that the offset should be calculated using supplemental benefits from the year when the claimant became entitled to permanent total disability benefits, rather than from the year when the employer and servicing agent began taking the offset. We reverse as to the first issue, but affirm as to the second.
There is no dispute regarding the pertinent facts. The claimant was injured on May 20, 1994, as the result of an accident arising out of his employment. The employer and servicing agent accepted the claimant as permanently and totally disabled on August 29, 1994, and began paying benefits as of that date. The claimant also began receiving social security disability benefits in August 1994. However, the employer and servicing agent did not begin taking a social security offset until 1998. The claimant's average weekly wage was $761.06. The maximum compensation rate authorized by statute for 1994 was $444.00. The primary insurance amount was $928.90, and 80 percent of the average current earnings was $2,297.60.
When they began taking a social security offset in 1998, the employer and servicing agent performed the following calculations. They added weekly social security benefits of $216.02, supplemental benefits for 1998 of $88.80, and the maximum compensation rate authorized by statute for 1994 of $444.00, which totaled $748.82. The set-off for social security benefits was derived by subtracting from that total 80 percent of the average weekly wage (which was greater than 80 percent of the average current earnings), or $608.84, resulting in a weekly set-off of $139.98. That sum was then deducted from the maximum compensation rate authorized by statute for 1994 of $444.00, resulting in a figure of $304.02, to which was added the supplemental benefits for 1998 of $88.80. As a result, the employer and servicing agent concluded that the claimant was entitled to an adjusted weekly payment of $392.82. The claimant objected that the set-off should be deducted from an "actual compensation rate" for 1994 of $507.37 (which was 66% percent of the claimant's average weekly wage), rather than from the maximum compensation rate authorized by statute of $444.00; and that the supplemental benefits used in computing the amount of the offset should be those applicable to the year in which the claimant became entitled to permanent total disability benefits, rather than those applicable to the year when the employer and servicing agent began taking the offset.
Accepting the claimant's arguments, the judge of compensation claims concluded that the social security offset for 1998 should be calculated as follows. Weekly social security benefits of $216.02, the maximum compensation rate authorized by statute for 1994 of $444.00, and supplemental benefits for 1994 (the year in which the claimant became entitled to permanent total disability benefits) of zero should be added, totaling $660.02. The set-off should be derived by subtracting from that total *710 80 percent of the average weekly wage, or $608.84, resulting in a weekly set-off of $51.18. That sum should then be deducted from the "actual compensation rate" (defined by the judge of compensation claims as the sum authorized by section 440.15(1)(a), Florida Statutes (Supp.1994), to be paid in the case of permanent and total disability, or 66 2/3 percent of the average weekly wage) of $507.37, resulting in a figure of $456.19, to which should be added the supplemental benefits for 1998 of $88.80, resulting in a total adjusted weekly payment of $544.99. However, because the maximum compensation rate authorized by statute for 1998 was $492.00, the judge of compensation claims concluded that the claimant's weekly compensation was limited to that amount. This appeal follows.
Section 440.15(10)(a), Florida Statutes (Supp.1994), provides, in pertinent part:

Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. s. 423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee and his dependents, had such employee not been entitled to benefits under this chapter, under 42 U.S.C. ss. 402 and 423, does not exceed 80 percent of the employee's average weekly wage.
(Emphasis added.) The "[w]eekly compensation benefits" payable to the claimant pursuant to chapter 440, Florida Statutes, were capped in 1994 at $444.00. § 440.12(2), Fla. Stat. (1993). Because section 440.15(10)(a) states in relatively clear language that the social security offset is to be applied against the "[w]eekly compensation benefits" to which the claimant would otherwise be entitled, the employer and servicing agent correctly subtracted the offset from the maximum compensation rate of $444.00, rather than from the higher figure of $507.37 urged by the claimant and used by the judge of compensation claims. Cf. City of St. Petersburg v. Nasworthy, 751 So.2d 772 (Fla. 1st DCA 2000) (impairment income benefits, which are calculated at 50 percent of the employee's "average weekly temporary total disability benefit," should have been calculated at 50 percent of the maximum compensation rate, rather than at 50 percent of 66 2/3 percent of the average weekly wage where the amount of temporary total disability benefits was capped at the maximum compensation rate pursuant to section 440.12(2)). Accordingly, we reverse the judge of compensation claims as to this issue.
We do, however, conclude that the judge of compensation claims correctly determined that the offset should be calculated using supplemental benefits from the year when the claimant became entitled to disability benefits, rather than from the year when the employer and servicing agent began taking the offset. See HRS District II v. Pickard, 24 Fla. L. Weekly D1749, ___ So.2d ___, 1999 WL 503456 (Fla. 1st DCA July 19, 1999); Hunt v. Stratton, 677 So.2d 64 (Fla. 1st DCA 1996); Hyatt v. Larson Dairy, Inc., 589 So.2d 367 (Fla. 1st DCA 1991). To permit the procedure urged by the employer and servicing agent would provide an incentive to delay calculating the offset.
In summary, we affirm that portion of the order which holds that the social security offset should be calculated using supplemental benefits from the year when the claimant became entitled to permanent total disability benefits, rather than from the year when the employer and servicing agent began taking the offset; reverse that portion of the order which holds that the social security offset should be applied against the claimant's "actual compensation rate," rather than against the maximum compensation rate authorized by statute; and remand for further proceedings consistent with this opinion.
*711 AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ERVIN and WOLF, JJ., CONCUR.