794 So.2d 668 (2001)
James JACKSON, Appellant,
v.
HOCHADEL ROOFING CO. and Claims Center, Appellees.
No. 1D00-2316.
District Court of Appeal of Florida, First District.
August 10, 2001.
Rehearing Denied September 14, 2001.
Appellant, pro se.
Larry Cangro, Esquire of Matusek, McKnight, Poluse & Cangro, P.A., St. Petersburg, for Appellees.
*669 BENTON, J.
James Jackson, a permanently, totally disabled worker, appeals the compensation order determining his indemnity benefits. He contends that the amount is too low because the social security offset is too high. Specifically, he argues that the judge of compensation claims erred in calculating the social security offset by including supplemental benefits as "compensation benefits." § 440.15(9)(a), Fla. Stat. (1991) (now codified as § 440.15(10)(a), Fla. Stat. (2000)). We reject this contention and affirm.
Mr. Jackson suffered a compensable accident on February 13, 1992 while working for Hochadel Roofing Company (Hochadel). At the time of the industrial accident, his average weekly wage was $304.03. Eventually, Hochadel and Claims Center accepted Mr. Jackson as totally and permanently disabled as of August 9, 1993, and began to pay weekly benefits accordingly: $202.69 for permanent total disability plus supplemental benefits in the amount of $10.13, for a total of $212.82 per week.
In October of 1995, Mr. Jackson began receiving social security disability benefits in the amount of $165.23 per week. The Social Security Administration calculated his average current earnings as $377.67 per week. By this time, his workers' compensation supplemental benefits had grown to $30.40 per week. See § 440.15(1)(e)1., Fla. Stat. (1991) (providing that "the injured employee shall receive additional weekly compensation benefits equal to 5 percent of his weekly compensation rate ... multiplied by the number of calendar years since the date of injury").
When his social security disability benefits started, Hochadel and its insurance carrier began taking a $96.18 weekly offset against Mr. Jackson's compensation benefits pursuant to section 440.15(9). Each year thereafter, Hochadel and its insurance carrier increased the social security offset by recalculating it in order to take annual increases in supplemental benefits into account.
After satisfying statutory prerequisites, Mr. Jackson filed a petition for benefits on June 16, 1999, initiating the proceedings that gave rise to this appeal. The petition challenged Hochadel's (and its insurance carrier's) original offset calculation as well as the annual recalculations. The latter are no longer at issue because the judge of compensation claims accepted the contention that increasing the offset every year was unlawful, and the appellees have not cross-appealed this ruling. On appeal, Mr. Jackson argues that the initial calculation should not have included supplemental benefits at all because the "purpose of supplemental benefits is to allow for increases in the cost of living." Dep't of Children and Families v. Monroe, 744 So.2d 1163, 1164 (Fla. 1st DCA 1999).
The present case does not involve an offset under section 440.20(15), Florida Statutes (1991) (now codified as § 440.20(14), Fla. Stat. (2000)), or Escambia County Sheriff's Department v. Grice, 692 So.2d 896 (Fla.1997). See also Barragan v. City of Miami, 545 So.2d 252, 255 (Fla.1989). As Grice makes clear, the social security offset under section 440.15(9)(a) is different and distinct from the offset allowed under section 440.20(15). See also City of Hollywood v. Lombardi, 770 So.2d 1196, 1204 & n. 14 (Fla.2000); Dixon v. GAB Bus. Servs., 767 So.2d 443, 445 (Fla.2000) (describing the interpretation in Grice "of section 440.20(15) to mean that a claimant may not receive in excess of 100 percent of his or her [average weekly wage as] a judicial interpretation of an ambiguous statute"). Concerned here only with section 440.15(9)(a) and the social security *670 offset it creates, we do not address whether or not supplemental benefits should be included in calculating the Grice offset.
After hearing the evidence, the judge of compensation claims employed the methodology set out in Hunt v. Stratton, 677 So.2d 64, 67 (Fla. 1st DCA 1996), and calculated the social security disability offset as $75.91, not the $65.77 Mr. Jackson advocated:

 $165.23 Social Security Disability
 $202.69 Permanent Total Disability
+ $ 10.13 Supplemental Benefits
 _______
 $378.05 Total Weekly Benefits
- $302.14 80% of Average Current Earnings
 _______
 $ 75.91 Social Security Offset

This calculation conforms to the dictates of Hunt and of Florida Power Corp. v. Van Loan, 764 So.2d 708, 710 (Fla. 1st DCA 2000), which held that
the offset should be calculated using supplemental benefits from the year when the claimant became entitled to [permanent total] disability benefits, rather than from the year when the employer and servicing agent began taking the offset. See HRS District II v. Pickard, [778 So.2d 299 (Fla. 1st DCA 1999) ]; Hunt v. Stratton, 677 So.2d 64 (Fla. 1st DCA 1996); Hyatt v. Larson Dairy, Inc., 589 So.2d 367 (Fla. 1st DCA 1991).
In performing the Hunt calculation, the judge of compensation claims used supplemental benefits payable in 1993, the year Mr. Jackson became totally and permanently disabled, rather than in 1995, the year Hochadel first became entitled to take the social security disability offset.
The basic formula is statutory. See State, Div. of Workers' Compensation v. Hooks, 515 So.2d 294, 295 (Fla. 1st DCA 1987) ("While ... this court has held that social security cost of living increases ... are not included when computing the 80 percent limitation, we cannot extend those holdings to exclude supplemental benefits from calculation of those benefits subject to that limitation. That relief must come from the legislature." (Footnote omitted.)). Section 440.15(9)(a), Florida Statutes (1991) (now codified as section 440.15(10)(a), Florida Statutes (2000)), describes the procedure for calculating the social security offset, as follows:
Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. s. 423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee and his dependents, had such employee not been entitled to benefits under this chapter, under 42 U.S.C. ss. 423 and 402, does not exceed 80 percent of the employee's average weekly wage. However, this provision shall not operate to reduce an injured worker's benefits under this chapter to a greater extent than such benefits would have otherwise been reduced under 42 U.S.C. s. 424(a) [limiting any reduction in social security disability benefits to eighty percent of average current earnings].
(Emphasis supplied.) See generally Hunt, 677 So.2d at 66. Section 440.15(1)(e)1., Florida Statutes (1991) (now codified as section 440.15(1)(f)1., Florida Statutes *671 (2000)), defines supplemental benefits as "weekly compensation benefits":
In case of permanent total disability resulting from injuries which occurred subsequent to June 30, 1955, and for which the liability of the employer for compensation has not been discharged under the provisions of s. 440.20(12), the injured employee shall receive additional weekly compensation benefits equal to 5 percent of his weekly compensation rate, as established pursuant to the law in effect on the date of his injury, multiplied by the number of calendar years since the date of injury. The weekly compensation payable and the additional benefits payable pursuant to this paragraph, when combined, shall not exceed the maximum weekly compensation rate in effect at the time of payment as determined pursuant to s. 440.12(2).
(Emphasis supplied.) These provisions make clear that supplemental benefits are to be included in calculating the social security offset. See Hyatt v. Larson Dairy, Inc., 589 So.2d 367, 368 (Fla. 1st DCA 1991); Hooks, 515 So.2d at 295. Section 440.15(1)(e)1. designates supplemental benefits "weekly compensation benefits," while section 440.15(9)(a) includes "compensation benefits payable under this chapter" in describing the method for calculating the offset. "Supplemental benefits are compensation payments provided under section 440.15(1)(e)1 ... and should have been considered as part of [Mr. Jackson]'s total compensation payments in calculating the offset." City of North Bay Village v. Cook, 617 So.2d 753, 754 (Fla. 1st DCA 1993).
Although the supreme court has not decided the point, the First District has decided that supplemental benefits payable when an injured worker becomes entitled to permanent total disability benefits are "compensation benefits payable under this chapter." § 440.15(9)(a), Fla. Stat. (1991). See, e.g., Hunt, 677 So.2d at 67 ("While the existing workers' compensation supplemental benefit is considered in the initial calculation of the workers' compensation offset, the law does not contemplate a recalculation of the offset based upon any increases thereafter."); Cruse Constr. v. St. Remy, 704 So.2d 1100, 1101 (Fla. 1st DCA 1997).
Affirmed.
ERVIN and WEBSTER, JJ., concur.