888 So.2d 136 (2004)
MIAMI-DADE COUNTY, Appellant,
v.
Jerome LOVETT, Appellee.
No. 1D03-4547.
District Court of Appeal of Florida, First District.
November 30, 2004.
*137 Robert A. Ginsburg, Miami-Dade County Attorney, and Monica Maldonado, Assistant County Attorney, Miami, for Appellant.
Richard A. Sicking, Coral Gables, for Appellee.
HAWKES, J.
In this workers' compensation case, the employer appeals the Judge of Compensation Claims' (JCC) order which held that, because Claimant's average current earnings (ACE) were greater than his average weekly wage (AWW), the amount of the employer's Social Security Disability (SSD) offset was improper, and conflicted with section 440.15(9)[1], Florida Statutes (1991). We disagree and reverse.
In June 1993, Claimant was injured in the line of duty and subsequently accepted as permanently and totally disabled (PTD). The parties stipulated Claimant's AWW is $840.00, and his compensation rate (CR) is $425.00. The record indicates 80% of Claimant's monthly ACE is $2,984.00, 80% percent of his weekly ACE is $693.95, and his monthly AWW is $3612.00 (multiplying AWW by 4.3 weeks) or $3640.00 (multiplying AWW by 52 weeks and dividing by 12 months).
Subsequently, the employer learned Claimant was receiving $265.05 per week in SSD Benefits, and $1,600.38 per month in Florida Retirement System (FRS) in-line-of-duty disability benefits. Using this information, the employer concluded they were entitled to an offset and calculated their entitlement pursuant to Grice.[2] The employer added Claimant's weekly CR of $425.00, his SSD benefit of $265.05, and his FRS benefit of $372.19, for a total of $1,062.24. The employer then subtracted Claimant's $840.00 AWW from his total weekly benefits of $1,062.24. This calculation resulted in a weekly offset of $222.24. After the offset, Claimant's CR was reduced to $202.76, and he was receiving the equivalent of 100% of his AWW.
Claimant objected and filed a Petition for Benefits asserting the employer incorrectly calculated the offset. A final hearing was held and, after considering testimony, documentary evidence, and arguments of counsel, the JCC entered an order finding, in pertinent part, that the employer's use of Grice in calculating the offset violated section 440.15(9), Florida Statutes, and was contrary to Dixon v. GAB Bus. Serv., 767 So.2d 443 (Fla.2000). In so doing, the JCC misapplied Dixon.
Grice held section 440.20(15), Florida Statutes (1985), permits the employer to reduce a claimant's workers' compensation benefits to the extent his combined benefits from workers' compensation and collateral sources exceed 100% of his AWW. See Grice, 692 So.2d at 898; Dixon, 767 So.2d at 444. A Grice offset is calculated by adding the CR, SSD, and collateral sources, in this case, FRS benefits, and subtracting 100% of the AWW from the total. See Orange County Fire Rescue v. Antonelli, 794 So.2d 758 (Fla. 1st DCA 2001) (en banc). This means a claimant's benefits would not be reduced through an offset unless he was receiving at least 100% of AWW.
Federal law permits an employer to offset workers' compensation payments up to the amount of SSD benefits the claimant is receiving, but prohibits the offset from decreasing the claimant's total *138 benefit below 80% of his monthly AWW or 80% of his monthly ACE, whichever is greater. See § 440.15(9)(a), Fla. Stat. (1991); Dixon, 767 So.2d at 444. Florida's offset rules are usually more favorable to claimants by requiring 100% of AWW versus 80% under the federal rule, as the minimum benefit before any offset is allowed. However, in cases where 80% of the ACE is greater than 100% of the AWW, the federally required minimum applies. See Dixon, 767 So.2d at 445.
In Dixon the Florida Supreme Court considered a situation where 80% of a claimant's ACE exceeded 100% of his AWW. The court held 80% of ACE would limit any SSD offset, "even though the claimant may be receiving in excess of 100% of AWW at the time of the accident." See Dixon, 767 So.2d at 445. Id.
When reading Dixon, Grice, and the relevant statutes in tandem, a claimant's SSD benefit may be offset, but only to the extent it does not reduce total benefits to less than 100% of the claimant's monthly AWW (Grice) or 80% of his monthly ACE (Dixon), whichever is greater. See §§ 440.15(10)(a), and 440.20(15), Fla. Stat.
In this case, 100% of Claimant's monthly AWW is greater than 80% of his monthly ACE. Therefore, Claimant's benefits cannot be reduced below 100% of his AWW. The employer correctly calculated its offset pursuant to the formula provided in Grice, and provided Claimant with 100% of his AWW.
The JCC's order is REVERSED and the case REMANDED for entry of an order consistent with this opinion.
BENTON and PADOVANO, JJ., concur.
NOTES
[1] Currently, section 440.15(10), Florida Statutes (2004).
[2] Escambia County Sheriff's Dep't v. Grice, 692 So.2d 896 (Fla.1997).