692 So.2d 896 (1997)
ESCAMBIA COUNTY SHERIFF'S DEPARTMENT, et al., Petitioners,
v.
Thomas GRICE, Respondent.
No. 86327.
Supreme Court of Florida.
May 1, 1997.
Mary E. Cruickshank of McConnaughhay, Roland, Maida & Cherr, Tallahassee, for Petitioners.
James F. McKenzie of McKenzie & Soloway, P.A., Pensacola, for Respondent.
David A. McCranie of David A. McCranie, P.A., Jacksonville, for amicus curiae State of Florida, Department of Insurance, Division of Risk Management.
Ellen Lorenzen and John R. Dixon of Barr, Murman, Tonelli, Herzfeld & Rubin, Tampa, for amicus curiae School Board of Hillsborough County.
Thomas H. McDonald of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for amicus curiae Orange County Board of County Commissioners.
Robert A. McMillan, County Attorney and Lonnie N. Groot, Deputy County Attorney, Sanford, for amicus curiae Seminole County, Florida.
Derrick E. Cox of Hurley & Rogner, P.A., Orlando, for amici curiae Brevard County Board of County Commissioners and Florida Community Colleges Risk Management Consortium.
Dennis A. Ross of Ross, Williams & Deal, P.A., Lakeland, for amicus curiae City of Lakeland.
Robert A. Ginsburg, Dade County Attorney and Thomas A. Tucker Ronzetti, Assistant County Attorney, Miami, for amicus curiae Metropolitan Dade County.
*897 PER CURIAM.
We have for review a decision ruling upon the following question certified to be of great public importance:
WHEN AN EMPLOYEE RECEIVES WORKERS' COMPENSATION, STATE DISABILITY RETIREMENT, AND SOCIAL SECURITY DISABILITY BENEFITS, IS THE EMPLOYER ENTITLED TO OFFSET AMOUNTS PAID TO THE EMPLOYEE FOR STATE DISABILITY RETIREMENT AND SOCIAL SECURITY DISABILITY AGAINST WORKERS' COMPENSATION BENEFITS TO THE EXTENT THAT THE COMBINED TOTAL OF ALL BENEFITS EXCEEDS THE EMPLOYEE'S AVERAGE WEEKLY WAGE?
Grice v. Escambia County Sheriff's Dep't, 658 So.2d 1208, 1211-12 (Fla. 1st DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
This case involves a disabled deputy sheriff, Thomas Grice, who was injured in January 1985, while employed by the Escambia County Sheriff's Department (the county). Thereafter, Grice received permanent total disability benefits pursuant to chapter 440 (Workers' Compensation Law), social security disability benefits, and state disability retirement benefits under the Florida State Retirement System. Grice's pre-injury average weekly wage (AWW) was determined to be $583.88. Before any offsets, Grice received $392.00 weekly in worker's compensation benefits; $167.36 weekly in state disability retirement benefits; and $163.85 weekly in social security disability benefits.
In June 1993, the county notified Grice that it was offsetting his permanent total disability benefits based upon the amount that his combined worker's compensation, state disability retirement, and social security disability benefits exceeded his AWW. Grice disputed the county's right to take the offset and sought repayment of the benefits withheld plus fees, costs, interest, and penalties. The Judge of Compensation Claims (JCC) issued an order denying the claim and allowing the county to continue workers' compensation offsets to the extent that both social security benefits and pension benefits combined to exceed Grice's pre-injury AWW. In his order, the JCC acknowledged that there was no statute or case law authorizing an employer to "stack" all three benefits to compute an offset based upon a claimant's AWW. However, the JCC concluded that stacking the three benefits was permissible because the employer would be able to take an offset against compensation based on either social security or pension if one or the other was more generous.
The First District Court of Appeal reversed the JCC's decision and held that combining the three benefits for the purpose of allowing an offset was improper. The district court reasoned that no statutory authority or case law exists to support stacking disability retirement benefits with social security disability benefits to offset against workers' compensation, and the state retirement plan contains no offset provision. Grice, 658 So.2d at 1211. The district court also noted that the Workers' Compensation Law contains no offset provision for pension benefits, but it does provide an offset for social security benefits under section 440.15(9), Florida Statutes (1985), which states in pertinent part:
(a) Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. s. 423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee and his dependents, had such employee not been entitled to benefits under this chapter, under 42 U.S.C. ss. 423 and 402, does not exceed 80 percent of the employee's average weekly wage. However, this provision shall not operate to reduce an injured worker's benefits under this chapter to a greater extent than such benefits would have otherwise been reduced under 42 U.S.C. s. 424(a).
Because the legislature provided for a social security offset against workers' compensation benefits, but did not include an offset based upon the receipt of state disability retirement benefits, the district court concluded that the *898 legislature did not intend to allow such an offset.
In the instant case, Grice argues that he is entitled to workers' compensation and disability benefits, with the only offset being that which is statutorily allowed for social security disability benefits. We disagree and conclude that the county may offset Grice's workers' compensation benefits to the extent that the total of his workers' compensation, disability retirement, and social security disability benefits exceed his average weekly wage.
In Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), this Court observed that section 440.21, Florida Statutes (1985),[1] precludes offsets for collateral benefits until an injured worker has received 100% of his average weekly wage in combined benefits, regardless of whether the collateral benefits were funded by the employer alone or in part by employee contributions. "However, the total benefits from all sources cannot exceed the employee's weekly wage." Id. at 254 (citing Brown v. S.S. Kresge Co., 305 So.2d 191 (Fla.1974) and Domutz v. Southern Bell Tel. & Tel. Co., 339 So.2d 636 (Fla.1976)). Once the 100% cap has been reached, workers' compensation must be reduced pursuant to section 440.20(15), Florida Statutes, which states:
When an employee is injured and the employer pays his full wages or any part thereof during the period of disability, or pays medical expenses for such employee, and the case is contested by the carrier or the carrier and employer and thereafter the carrier, either voluntarily or pursuant to an award, makes a payment of compensation or medical benefits, the employer shall be entitled to reimbursement to the extent of the compensation paid or awarded, plus medical benefits, if any, out of the first proceeds paid by the carrier in compliance with such voluntary payment or award, provided the employer furnishes satisfactory proof to the judge of such payment of compensation and medical benefits. Any payment by the employer over and above compensation paid or awarded and medical benefits, pursuant to subsection (14), shall be considered a gratuity.
§ 440.20(15), Fla.Stat. (1985). In Brown this Court interpreted the foregoing language to mean "when an injured employee receives the equivalent of his full wages from whatever employer source that should be the limit of compensation to which he is entitled." 305 So.2d at 194.
We find that the county's interpretation of the relevant statutes and case law is the proper one and hold that an injured worker, except where expressly given such a right by contract, may not receive benefits from his employer and other collateral sources which, when totalled, exceed 100% of his average weekly wage. Here, the combination of Grice's workers' compensation, disability retirement, and social security disability benefits exceed his AWW. Thus, the county is entitled to the offset it seeks. Accordingly, we answer the certified question in the affirmative, quash the decision of the district court, and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] 440.21 Invalid agreements; penalty.

(1) No agreement by an employee to pay any portion of premium paid by his employer to a carrier or to contribute to a benefit fund or department maintained by such employer for the purpose of providing compensation or medical services and supplies as required by this chapter shall be valid, and any employer who makes a deduction for such purpose from the pay of any employee entitled to the benefits of this chapter shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.083.
(2) No agreement by an employee to waive his right to compensation under this chapter shall be valid.