748 So.2d 1038 (1998)
Dennis ALDERMAN, Appellant,
v.
FLORIDA PLASTERING and Associated Industries Insurance Company, Appellees.
No. 97-4584.
District Court of Appeal of Florida, First District.
November 19, 1998.
Jacob D. Maldonado, Miami, for Appellant.
Anthony Reinert, Miami, for Appellees.
PER CURIAM.
Dennis Alderman, the claimant, appeals a final order by the judge of compensation claims determining the applicable offsets against his workers' compensation benefits. We conclude that the judge erred in setting the amount of the offsets and in holding that they should be recalculated annually. Therefore, we reverse and remand the case for further proceedings.
The claimant fell from a scaffold on April 16, 1989, and suffered a spinal cord injury. At the time of the accident he was employed by Florida Plastering at an average weekly wage of $702.34. Florida Plastering and its insurance carrier agreed to pay permanent and total disability benefits, but the carrier applied an offset for the claimant's social security benefits. In June of 1992, the claimant also began receiving disability retirement benefits which were paid for entirely by the employer. The combination of all his benefits including workers' compensation, exceeded 100% of his average weekly wage.
On June 21, 1996, the claimant filed a petition for benefits seeking a correct determination of supplemental benefits to which he was entitled from the date of his first payment of permanent and total disability benefits. At the final hearing, held April 30, 1997, the judge of compensation claims narrowed the issues to a determination of whether the social security offset taken by the employer and carrier was correct. He determined that the claimant was not entitled to receive benefits from his employer and other collateral sources which, when totaled, exceeded 100% of his average weekly wage. The judge based *1039 this finding on the recent opinion by the Florida Supreme Court in Escambia County Sheriff's Dept. v. Grice, 692 So.2d 896 (Fla.1997).
Additionally, the judge held that the employer and carrier were entitled to recalculate the offset each year to include increases in the claimant's collateral benefits, so that the total of the benefits from social security, disability retirement and workers' compensation did not exceed his average weekly wage. Finally, the JCC determined that the computation of the claimant's compensation benefits should be "simple arithmetic" and went on to determine the compensation rate for each year, from 1991 through 1997, by subtracting the total amount of benefits the claimant received each year from his average weekly wage.
We conclude that the judge of compensation claims erred in calculating the offset amount. In Hunt v. Stratton, 677 So.2d 64, 67 (Fla. 1st DCA 1996), this court set forth the proper formula for determining a workers' compensation offset to be applied when a claimant receives collateral benefits, such as federal social security or disability retirement. It does not appear from the record that the judge followed the formula in this case.
The judge also erred in ordering that the claimant's benefits should be recalculated each time his social security benefits change in the future. This same issue was recently decided by this court in Acker v. City of Clearwater, No. 97-2719, ___ So.2d ___, 1998 WL 476168 (Fla. 1st DCA, filed August 17, 1998). We reverse pursuant to Acker and certify the issue to the supreme court.
As we stated in Hunt, it is improper to recalculate a workers' compensation offset, once the initial calculation has been made, based upon any cost-of-living increases in collateral benefits. We reaffirmed our holding in Hunt and explained it further in Cruse Construction v. St. Remy, 704 So.2d 1100 (Fla. 1st DCA 1997):
Once the initial calculation of the social security offset has been performed, the offset need not be recalculated annually. However the total amount of benefits receivable after the offset will change annually to account for the cost-of-living increase provided as PTD supplemental benefits. There is no reasonable basis for concluding that permanently totally disabled claimants whose benefits are reduced by social security offset thereby become ineligible for the statutorily provided [cost-of-living increase in social security benefits].
Id. at 1101.
The employer and carrier argue that they must be allowed to recalculate the claimant's offset each year, because his collateral benefits may change each year and eventually exceed 100% of his average weekly wage again. In support of this argument, they rely on the Florida Supreme Court's recent decision in Escambia County Sheriffs Dept. v. Grice, 692 So.2d 896 (Fla.1997). The court held in Grice that, in the initial calculation of offset, the employer and carrier are entitled to offset amounts paid to the employee for state disability retirement and social security disability against workers' compensation benefits to the extent that the combined total of all benefits exceeds the employee's average weekly wage.
However, as pointed out in the Acker opinion, Grice did not concern the issue of recalculation, nor did it address the Hunt opinion. To the contrary, Grice involved the initial calculation of offset after a claimant begins receiving collateral benefits. If the court had intended to overrule Hunt, it could have done so expressly in Grice. Moreover, our decision in Cruse, affirming Hunt, was published in late December of 1997, nearly 7 months after the supreme court issued the Grice opinion. Therefore, Hunt's prohibition against recalculation to account for cost-of-living increase, as reaffirmed in Cruse, is still good law.
*1040 We remand the case to the judge of compensation claims for proper calculation of the offset, based upon the formula in Hunt. The claimant has offered a calculation of the offset based on the Hunt formula in his initial brief. However, some of the figures are not explained and do not agree with the amounts set forth in the judge's order. A review of the record does not reveal the source of these figures. Moreover, the judge's order does not include findings as to all of the figures necessary to complete the Hunt formula.
On remand, the judge should determine from the evidence the figures necessary to complete the offset formula set forth in Hunt, including federal offset for comparison and average compensation earned. The judge must then determine the initial offset, using the dollar amounts of workers' compensation and social security benefits that the claimant received from December 1990 to November 1991. Once this initial offset is determined, the judge may not order recalculation based on any cost-of-living increases in the claimant's collateral benefits thereafter.
One recalculation of the offset is allowed as of the date the claimant began receiving disability retirement benefits. Our decision in Hunt prohibits recalculation of an offset based on any cost-of-living increase in a particular benefit. However, it does not forbid recalculation of an existing offset when a claimant who has been receiving one type of collateral benefit (e.g., social security) later begins receiving yet another type of benefit (e.g., disability retirement). Alderman began receiving social security benefits in 1990. Then in 1992, he began receiving disability retirement benefits in addition to his other benefits. The judge should therefore order recalculation of the offset one time, to account for the addition of the new collateral benefit the claimant began receiving in June of 1992. No further recalculation is allowed for the cost of living increases.
As in Acker, we certify the following question to the supreme court:
WHERE AN EMPLOYER TAKES A WORKERS' COMPENSATION OFFSET UNDER SECTION 440.20(15), FLORIDA STATUTES (1985), AND INITIALLY INCLUDES SUPPLEMENTAL BENEFITS PAID UNDER SECTION 440.15(1)(e)(1), FLORIDA STATUTES (1985), IS THE EMPLOYER ENTITLED TO RECALCULATE THE OFFSET BASED ON THE YEARLY 5% INCREASE IN SUPPLEMENTAL BENEFITS?
Reversed and Remanded.
BENTON, VAN NORTWICK and PADOVANO, JJ., CONCUR.