PER CURIAM.
This appeal is from a workers’ compensation order determining the claimant is entitled to receive yearly increases in permanent total supplemental benefits. The JCC found the Employer/Carrier initially took advantage of the social security disability offset in May 1988, including consideration of the supplemental benefits to which the employee was entitled at the time of the initial offset. In July 1997, the Employer/Carrier ceased payment of all workers’ compensation indemnity payments based on the decision of the Florida Supreme Court in Escambia County Sheriff’s Department v. Grice, 692 So.2d 896 (Fla.1997). Claimant filed a petition for benefits, seeking payment of permanent total disability compensation beginning July 21, 1997, forward. The JCC found that in accordance with this court’s decision in Acker v. City of Clearwater, 755 So.2d 651 (Fla. 1st DCA 1998), review granted, 727 So.2d 903 (Fla.1999), the Employer/Carrier may not recalculate the offset annually based on the five percent annual increase in supplemental benefits. The JCC ruled the claimant was entitled to the supplemental disability benefits as claimed.
We affirm the JCC’s order in all respects, thereby rejecting the Employer/Carrier’s request to recede from the holding in Acker, and to hold that an Employer/Carrier may include yearly supplemental benefits in calculating the offset authorized under section 440.20(15), Florida Statutes (1985). We grant the Employer/Carrier’s request to certify the question previously certified in Acker, and certify the following question:
WHERE AN EMPLOYER TAKES A WORKERS’ COMPENSATION OFFSET UNDER SECTION 440.20(15), FLORIDA STATUTES (1985), AND INITIALLY INCLUDES SUPPLEMENTAL BENEFITS PAID UNDER SECTION 440.15(l)(e)(l), FLORIDA STATUTES (1985), IS THE EMPLOYER ENTITLED TO RECALCULATE THE OFFSET BASED ON THE YEARLY 5% INCREASE IN SUPPLEMENTAL BENEFITS?
JOANOS, ALLEN and KAHN, JJ., CONCUR.