752 So.2d 92 (2000)
UNIVERSITY OF WEST FLORIDA and Alexsis Risk Management, Appellants,
v.
William MIXSON, Appellee.
No. 1D98-4012.
District Court of Appeal of Florida, First District.
February 28, 2000.
David A. McCranie of McCranie & Lower, P.A., Jacksonville, for Appellants.
John L. Myrick of Myrick & Davis, P.A., Pensacola, for Appellee.
WEBSTER, J.
In this workers' compensation case, the employer and servicing agent contend that the judge of compensation claims erred in five respects. As to the first, claimant concedes that, in light of our recent decision in Gab Business Services, *93 Inc. v. Dixon, 739 So.2d 637 (Fla. 1st DCA 1999), it was error to cap his total benefits at 100 percent of his average current earnings, as computed under social security law, rather than at 100 percent of his average weekly wage. Accordingly, we reverse as to this issue. As to all other issues, we affirm. However, we certify a question, which we believe to be of great public importance, to the supreme court.
The employer and servicing agent contend that the judge of compensation claims used an erroneous figure for social security benefits received by claimant when calculating the offset required by Escambia County Sheriffs Department v. Grice, 692 So.2d 896 (Fla.1997). Because our review of the record leads us to conclude that this issue was never presented to the judge of compensation claims, we will not consider it. See, e.g., Weaver v. Southern Bell, 703 So.2d 1213 (Fla. 1st DCA 1997) (an argument that has not been presented in any meaningful way to the judge of compensation claims will not be considered on appeal).
The employer and servicing agent next argue that the judge of compensation claims erred in using the 1988 maximum compensation rate in determining the proper offset pursuant to Grice. It is unclear to us how the judge of compensation claims would have determined the offset without using this figure, and appellants' brief fails to enlighten in that regard.
The employer and servicing agent next argue that all of claimant's permanent total disability supplemental benefits should have been taken into account in computing the Grice offset. Our supreme court has recently rejected this argument. City of Clearwater v. Acker, 755 So.2d 597 (Fla.1999).
Finally, the employer and servicing agent contend that cost-of-living increases to claimant's in-line-of-duty disability retirement benefits should have been included in the Grice offset calculations. We recently rejected this argument in State v. Herny, 24 Fla. L. Weekly D2467, ___ So.2d ___, 1999 WL 979474 (Fla. 1st DCA Oct.29, 1999), review pending, Case No. 96,962 (filed Nov. 5, 1999). We again reject the argument, based upon Herny. However, because we certified a similar question in Herny, we certify the following to the supreme court, as a question of great public importance:
WHEN CALCULATING THE OFFSET FOR DISABILITY RETIREMENT BENEFITS PURSUANT TO ESCAMBIA COUNTY SHERIFF'S DEPARTMENT V. GRICE, 692 So.2d 896 (Fla.1997), IS THE EMPLOYER ENTITLED TO INCLUDE COST-OF-LIVING INCREASES TO THOSE BENEFITS?
In summary, we reverse in part, and remand with directions that the judge of compensation claims recalculate the Grice offset using claimant's average weekly wage of $530.00 as the appropriate cap. In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
KAHN, J., CONCURS.
PADOVANO, J., CONCURS IN PART AND DISSENTS IN PART WITH WRITTEN OPINION.
PADOVANO, J., concurring in part and dissenting in part.
I join in the decision, but I would not certify the issue to the supreme court, because it appears to me that the court has already answered the question. See City of Clearwater v. Acker, 755 So.2d 597 (Fla.1999) (prohibiting recalculation of the offset based on annual increases in the claimant's permanent and total disability supplemental benefits); Alderman v. Florida Plastering, 748 So.2d 1038 (Fla. 1st DCA 1998) approved 755 So.2d 604 (Fla. 2000) (holding in part that it is improper to recalculate the offset to account for cost-of-living increases in the claimant's social *94 security benefits). In my view, the reasoning of these opinions would also prohibit recalculation of an offset to account for cost-of-living increases in the claimant's disability retirement benefits. I don't think that the issue decided in Acker and Alderman depends on the kind of disability benefit that is the subject of a cost-of-living increase, but, if so, the appellant is certainly free to make that argument in a motion for certification. In the absence of such a request, however, the court has no good reason to certify the issue on its own.