PER CURIAM.
In this workers’ compensation case, the claimant appeals an order of the judge of compensation claims (JCC) allowing the employer and carrier (E/C) to include cost-of-living increases to the claimant’s in-line-of-duty state disability retirement benefits in the calculation of the workers’ compensation offset. Based on recent decisions of this court and the Florida Supreme Court, we reverse and remand with directions to exclude cost-of-living increases to the claimant’s disability retirement benefits from calculation of the offset. See, e.g., City of Clearwater v. Acker, 755 So.2d 597 (Fla.1999); State v. Herny, 24 Fla. L. Weekly D2467, — So.2d -, 1999 WL 979474 (Fla. 1st DCA Oct.29, 1999); Aiderman v. Florida Plastering, 748 So.2d 1038 (Fla. 1st DCA 1998), approved, 755 So.2d 604 (Fla.2000). As in Hemy, we certify to the supreme court the following question of great public importance:
WHEN CALCULATING THE OFFSET FOR DISABILITY RETIREMENT BENEFITS PURSUANT TO ESCAMBIA COUNTY SHERIFF’S DEPARTMENT V. GRICE, 692 So.2d 896 (Fla.1997), IS THE EMPLOYER ENTITLED TO INCLUDE COST-OF-LIVING INCREASES TO THOSE BENEFITS?
REVERSED.
KAHN and WEBSTER, JJ., concur. PADOVANO, J., concurs in part and dissents in part with written opinion.