PER CURIAM.
In this workers’ compensation case, the employer/carrier (E/C) appeal an order of the judge of compensation claims (JCC) concerning the calculation of offsets to which the E/C are entitled. Based on recent decisions of this court and the Florida Supreme Court, we approve the JCC’s order. See, e.g., City of Clearwater v. Acker, 755 So.2d 597 (Fla.1999); State v. Herny, 24 Fla. L. Weekly D2467, — So.2d -, 1999 WL 979474 (Fla. 1st DCA *121 Oct.29, 1999); Alderman v. Florida Plastering, 748 So.2d 1038 (Fla. 1st DCA 1998), review granted, 732 So.2d 326 (Fla.1999). As in Hemy, we certify to the supreme court the following question of great public importance:
WHEN CALCULATING THE OFFSET FOR DISABILITY RETIREMENT BENEFITS PURSUANT TO ESCAMBIA COUNTY SHERIFF’S DEPARTMENT V. GRICE, 692 So.2d 896 (Fla.1997), IS THE EMPLOYER ENTITLED TO INCLUDE COST-OF-LIVING INCREASES TO THOSE BENEFITS?
AFFIRMED.
KAHN and WEBSTER, concur, and PADOVANO, concurring in part and dissenting in part with opinion.