DAVIS, J.
Employer HRS, State of Florida, and its insurance carrier, Alexsis (E/C), appeal an order of the Judge of Compensation Claims (JCC). The E/C argue that the JCC erred in reducing claimant Teresita G. Pascual’s state disability retirement (SDR) benefits by 1%, erred in further reducing the remaining SDR benefits before factoring the SDR benefits into the initial offset calculation, as provided by Escambia County Sheriff’s Department v. Grice, 692 So.2d 896 (Fla.1997), and erred in disallowing cost of living adjustments beyond the initial offset calculation. We agree with the E/C that it was error to further reduce the SDR benefits, but otherwise affirm the order.
In 1986, Pascual sustained a compensa-ble injury when she tripped over a stool while working. In 1992, she began receiving permanent total disability (PTD) and PTD supplemental (PTS) benefits. In 1994, she began receiving SDR benefits.[1] The PTS and SDR benefits were increased pursuant to cost-of-living adjustments. In 1998, in accordance with Grice, HRS applied an offset so that the combined benefits did not exceed 100% of Pascual’s average weekly wage (AWW). Pascual filed a petition for benefits claiming that HRS had improperly taken a credit based upon Grice. The parties stipulated that Pascual had contributed 1% to her SDR benefits fund. Pascual argued that supplemental benefits should not be included in the Grice offset, but if they were to be included, then Pascual should get credit for her *511 1% contribution to the SDR benefits fund, leaving 99% of her SDR to be factored into the Grice offset calculation. She also argued, based upon her interpretation of an amicus curiae brief submitted by the State of Florida, Division of Retirement (Division), in HRS District II v. Pickard, 778 So.2d 299 (Fla. 1st DCA 1999),[2] that only a portion of SDR benefits were subject to offset. The E/C countered that supplemental benefits, including cost-of-living adjustments, were to be included in the initial offset and future offsets whenever the combined benefits exceeded 100% of Pas-cual’s AWW; that Pascual was not entitled to 1% or any credit for any contribution to SDR; and that they were entitled to offset 100% of the SDR benefits.
The JCC issued an order agreeing that Pascual was entitled to a 1% credit based upon her contribution to the SDR benefits fund. Without relying on any statutory or decisional authority, but merely quoting language from the Division’s amicus curiae brief filed in Pickard concerning the possibility of double taxation in certain instances — instances which the record does not indicate are present in the case at bar — • the JCC carved out 42% of the already-reduced-by-1% SDR benefits to be offset. The JCC then factored 42% of the remaining SDR benefits into the Grice offset calculation. The JCC further ordered that the E/C was not permitted to take subsequent offsets, beyond the initial Grice offset, to account for cost-of-living adjustments to Pascual’s SDR and PTS benefits so that Pascual’s workers’ compensation (WC) benefits would be capped at 100% of her AWW.
The E/C appeals the reductions in the amount of SDR to be offset as well as the JCC’s prohibition against subsequent offsets beyond the initial Grice offset.
The award of 1% credit for Paseual’s contribution to her SDR benefits fund is controlled by City of Hollywood v. Lombardy 738 So.2d 491 (Fla. 1st DCA 1999). In Lombardi, the JCC was instructed to consider section 440.21(1), Florida Statutes (1993),[3] and the claimant’s pro rata contributions to the disability retirement plan to determine any offset to WC benefits. Like Lombardi, Pascual contributed to her SDR fund, a fact stipulated to by the E/C. The JCC therefore correctly concluded that Pascual is entitled to a 1% credit.
We hold that the JCC erroneously awarded Pascual the additional reduction beyond the 1% in her SDR benefits before factoring those benefits into the Grice offset calculation. This reduction is not supported by statutory or decisional authority. The JCC should have factored into the calculation, after awarding Pascual the 1% credit, the remaining 99% of Pascual’s SDR benefits.[4] See Grice, 692 So.2d at 898; see also University of W. Fla. v. Mixson, 752 So.2d 92 (Fla. 1st DCA 2000); State of Fla. and Dep’t of Ins., Div. of *512 Risk Mgmt. v. Herny, 776 So.2d 932 (Fla. 1st DCA 1999).
The E/C arg-ues in the two remaining issues that the JCC erred in ordering that they were not entitled, beyond the initial offset calculation, to include cost-of-living adjustments. The Florida Supreme Court has recently affirmed our decision that subsequent recalculations may not include cost-of-living adjusted PTS benefits within the 100% AWW cap. See City of Clearwater v. Acker; City of Clearwater v. Hahn; City of Clearwater v. Rowe, 755 So.2d 597 (Fla.1999). This court, and the Florida Supreme Court, have reached the same conclusion regarding SDR benefits. See Alderman v. Florida Plastering, 748 So.2d 1038 (Fla. 1st DCA 1998), aff'd, 755 So.2d 604 (Fla.2000). Accordingly, we reverse the JCC’s further reduction of the amount of the SDR benefits for a Grice offset calculation. In all other respects, we affirm the order of the JCC.
AFFIRMED in part, REVERSED in part, and REMANDED for further consistent proceedings.
ERVIN and ALLEN, JJ., CONCUR.

. From June of 1974 when Pascual began working for HRS, until December of 1974, Pascual contributed $209.56 toward her SDR benefits fund. From January 1, 1975, through the date of the accident HRS contributed 100% toward Pascual's SDR benefits fund.

. This court’s decision in Pickard did not address the issue raised in the amicus curiae brief.

. 440.21. Invalid agreements; penally
(1) No agreement by an employee to pay any portion of premium paid by his employer to a carrier or to contribute to a benefit fund or department maintained by such employer for the purpose of providing compensation or medical services and supplies as required by this chapter shall be valid, and any employer who makes a deduction for such purpose from the pay of any employee entitled to the benefits of this chapter shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.083.
(2) No agreement by an employee to waive his right to compensation under this chapter shall be valid.

. 100% SDR of $151.65, minus 1% credit ($1.52), equals $150.13.