ALLEN, J.
The claimant appeals a workers’. compensation order by which the judge denied a claim which was based on a challenge to the amount of the offset which the employer applied against permanent total disability benefits. In denying this claim the judge ruled that the employer took a proper offset in accordance with Escambia County Sheriff's Department v. Grice, 692 So.2d 896 (Fla.1997). However, while the Grice offset pertains in this case pursuant to § 440.20(15), Fla. Stat. (1991), the offset may not include the cost of living adjustment for the claimant’s state disability retirement benefits. - HRS, State of Florida v. Pascual, 25 Fla. L. Weekly D596, — So.2d -, 2000 WL 242770 (Fla. 1st DCA March 6, 2000), petition for review filed, No. 00-590 (Fla. March 20, 2000); Eaby v. Volusia County, 752 So.2d 119 (Fla. 1st DCA 2000); State v. Herny, 24 Fla. L. Weekly D2467, — So.2d -, 1999 WL 979474 (Fla. 1st DCA October 29, 1999), rev. granted, No. 96,962, — So.2d — (Fla. March 20, 2000); see also Florida Department of Corrections v. Mulvaney, 752 So.2d 120 (Fla. 1st DCA 2000); University of West Florida v. Mixson, 752 So.2d 92 (Fla. 1st DCA 2000); HRS District II v. Pickard, 24 Fla. L. Weekly D1749, — So.2d -, 1999 WL 503456 (Fla. 1st DCA July 19, 1999), petition for review filed,. Ho. 96,801 (Fla. October 21, 1999). As Hemy further establishes, the offset likewise may not include the health insurance subsidy which the claimant receives in connection with her state retirement benefits. On remand the judge should also reconsider the claim for penalties, interest, costs, and an attorney’s fee, to the extent that this claim is affected by recomputation of the employer’s offset.
The appealed order is reversed and the case is remanded.
ERVIN and DAVIS, JJ., CONCUR.