PER CURIAM.
This is an appeal from a final order entered by the judge of compensation claims (JCC) denying the employer/carrier’s demand for an offset against the permanent total disability (PTD) benefits awarded to the claimant, based on the amount of retirement pension benefits received by the claimant through the employer’s retirement benefit plan funded by contributions from both the claimant and the employer. We conclude that disposition of this appeal is governed by this court’s recent decision in Dixon v. Pasadena Yacht & Country Club, 731 So.2d 141 (Fla. 1st DCA 1999), rev. granted, 751 So.2d 1253 (Fla.2000), rev. dismissed, 753 So.2d 565 (Fla.2000).
In Dixon, we held that non-disability related retirement or pension benefits — in that case, social security retirement benefits — received by an injured employee cannot be used to offset the employer’s liability for PTD benefits. See id. at 143-44. In so ruling, the Dixon court explained that the offset allowed in Escambia County Sheriff’s Dep’t v. Grice, 692 So.2d 896 (Fla.1997), and its predecessor decisions, relied upon by the employer in this case, applied only to duplicative disability benefits, and not to retirement benefits. See Dixon, 731 So.2d at 143. The court stated,
We see a critical distinction between indemnity benefits, owed as a result of one’s disabling condition, and social security retirement benefits, which are based on advanced years and to which one would be entitled regardless of whether he or she suffered an incapacitating injury.
Id. at 143 (footnote omitted).
We therefore conclude, based upon the reasoning in Dixon, that the JCC in this *1233 case correctly determined that the employer/carrier could not take an offset against claimant’s PTD benefits based on the retirement benefits he received as a result of his past employment. The JCC’s order is therefore affirmed.
ERVIN and WEBSTER, JJ., and SMITH, LARRY G., Senior Judge, concur.