781 So.2d 1067 (2001)
STATE of Florida and Department of Insurance, Division of Risk Management, Petitioners,
v.
Richard HERNY, Respondent.
No. SC96962.
Supreme Court of Florida.
February 1, 2001.
David A. McCranie of McCranie & Lower, P.A., Jacksonville, FL, for Petitioners.
Nancy L. Cavey, St. Petersburg, FL, for Respondent.
QUINCE, J.
We have for review a decision ruling upon the following two questions *1068 certified to be of great public importance:[1]
WHERE AN EMPLOYER TAKES A WORKERS' COMPENSATION OFFSET UNDER SECTION 440.20(15), FLORIDA STATUTES (1985), AND INITIALLY INCLUDES SUPPLEMENTAL BENEFITS PAID UNDER SECTION 440.15(1)(e)1, FLORIDA STATUTES (1985), IS THE EMPLOYER ENTITLED TO RECALCULATE THE OFFSET BASED ON THE YEARLY 5% INCREASE IN SUPPLEMENTAL BENEFITS?
WHEN CALCULATING THE OFFSETS FOR SOCIAL SECURITY DISABILITY AND DISABILITY RETIREMENT BENEFITS PURSUANT TO ESCAMBIA COUNTY SHERIFF'S DEPARTMENT V. GRICE, 692 So.2d 896 (Fla.1997), IS THE EMPLOYER ENTITLED TO INCLUDE COST-OF-LIVING INCREASES TO THOSE BENEFITS?
State v. Herny, 776 So.2d 932 (Fla. 1st DCA Oct.29, 1999). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed in City of Clearwater v. Acker, 755 So.2d 597 (Fla.1999), and Florida Plastering v. Alderman, 755 So.2d 604 (Fla.2000), we answer the certified questions in the negative.
The First District did not certify petitioners' third claim. However, we choose to exercise our discretionary jurisdiction over this claim pursuant to Feller v. State, 637 So.2d 911 (Fla.1994) and Savona v. Prudential Insurance Co. of America, 648 So.2d 705, 707 (Fla.1995), which cited Savoie v. State, 422 So.2d 308 (Fla.1982). We agree with the rationale set forth in the First District's opinion below and approve its decision. In this remaining claim, petitioners argue that the judge of compensation claims and the First District Court of Appeal erred in refusing to include respondent's health insurance subsidy within the cap on benefits under section 440.20(15), Florida Statutes (1985). We agree with the First District when it said:
Claimant became eligible to receive the health insurance subsidy because of his eligibility for state disability retirement. However it is apparent that the purpose of the subsidy is to assist state retirees, regardless of disability, in paying health insurance premiums. It is not intended as a disability benefit. As such, we do not believe that the subsidy constitutes a benefit from a "collateral source," as that term is used in Escambia County Sheriffs Department v. Grice, 692 So.2d 896, 898 (Fla.1997). See Dixon v. Pasadena Yacht & Country Club, 731 So.2d 141 (Fla. 1st DCA 1999) (social security retirement benefits do not constitute a "collateral source" which may be offset against workers' compensation benefits because they are not disability benefits).
Herny, at D2468-69. We therefore find that it was proper for the judge of compensation claims and the First District Court of Appeal to refuse to include respondent's health insurance subsidy within the cap on benefits under section 440.20(15), Florida Statutes (1985).
For the reasons set forth above, we approve the First District's decision in this case.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
NOTES
[1] This is the same question certified by the First District in Acker v. City of Clearwater, 755 So.2d 651 (Fla. 1st DCA 1998), and resolved in City of Clearwater v. Acker, 755 So.2d 597 (Fla.1999).