794 So.2d 758 (2001)
ORANGE COUNTY FIRE RESCUE and Johns Eastern Company, Inc., Appellants/Cross-Appellees,
v.
Anthony D. ANTONELLI, Appellee/Cross-Appellant.
No. 1D00-3411.
District Court of Appeal of Florida, First District.
September 26, 2001.
*759 Karen J. Cullen and Danni Lynn Germano of Broussard & Cullen, P.A., Orlando, for Appellants/Cross-Appellees.
Geoffrey Bichler, Winter Park; Bill McCabe, Longwood, for Appellee/Cross-Appellant.

EN BANC
WEBSTER, J.
In this workers' compensation appeal, the employer and servicing agent challenge the exclusion of permanent total disability supplemental benefits from the initial offset calculation mandated by Escambia County Sheriff's Department v. Grice, 692 So.2d 896 (Fla.1997), which holds that workers may not receive benefits from their employer and other collateral sources in excess of their average weekly wage. On cross-appeal, the claimant argues that the judge of compensation claims erred in allowing the employer and servicing agent to take the offset retroactively to the date of the Grice decision. Alternatively, the claimant asserts that even if the employer and servicing agent were allowed to take a retroactive offset, the amount of the offset was miscalculated. We affirm on all issues. However, our affirmance on the first issue requires us to recede en banc from prior decisions of this court.

I.
After sustaining a compensable back injury, the claimant was accepted as permanently and totally disabled on January 8, 1997. The parties stipulated that the appropriate date of accident for calculating permanent total disability benefits was January 29, 1996. Based on this date of accident, the claimant's average weekly wage was $913.63, resulting in a compensation rate of $465.00 per week. The claimant also initially received $14.00 in supplemental benefits.
*760 Effective April 1, 1997, the claimant became entitled to state disability retirement benefits in the initial amount of $340.75 per week. On November 23, 1998, the claimant was notified that he was entitled to social security disability benefits retroactively to April 1, 1997. The claimant's initial benefit amount was $273.81 per week.
On October 15, 1999, the employer and servicing agent asserted the right to take a Grice offset retroactively to May 1, 1997, the date of the Grice decision. The employer and servicing agent calculated the offset as follows:

Compensation rate $ 465.00
Social security disability $ 273.81
State disability retirement $ 340.75
Supplemental benefits $ 14.00
 _________
Total benefits $1,093.56
Average weekly wage - $ 913.63
 _________
Offset $ 179.93

The claimant challenged both the inclusion of supplemental benefits in the offset calculation and the retroactive assertion of the offset.
The judge of compensation claims held that the employer and servicing agent were entitled to assert the offset retroactively to May 1, 1997, and that the offset calculation was correct except for the inclusion of the initial amount of supplemental benefits. This appeal and cross-appeal follow.

II.
On appeal, the employer and servicing agent argue that the judge of compensation claims erred in ruling that the initial amount of supplemental benefits should not be included in the Grice offset calculation. At least two decisions of this court unequivocally support their position. HRS Dist. II v. Pickard, 778 So.2d 299 (Fla. 1st DCA 1999), approved on other grounds, 779 So.2d 266 (Fla.2001); Dep't of Transp. v. Johns, 753 So.2d 108 (Fla. 1st DCA 1998), approved on other grounds, 755 So.2d 603 (Fla.2000). Both decisions hold that while the employer is not entitled to recalculate a Grice offset each year based on the yearly five-percent increase in supplemental benefits, the employer is entitled to include in the offset calculation the initial amount of supplemental benefits. Although the supreme court has agreed that a Grice offset may not be recalculated to take into account increases in supplemental benefits, it has declined to address whether the initial amount of supplemental benefits must be included. City of Clearwater v. Acker, 755 So.2d 597 (Fla. 1999)
Upon further examination of this issue, we conclude that the initial amount of supplemental benefits should not be included in the calculation of a Grice offset. We rely on dicta in our opinion in State v. Herny, 776 So.2d 932 (Fla. 1st DCA 1999), approved on other grounds, 781 So.2d 1067 (Fla.2001), which noted the apparent inconsistency in allowing the initial supplemental benefit payment to be included in the Grice offset while holding that subsequent increases in supplemental benefits should not be included. Since supplemental benefits are designed to provide a cost-of-living adjustment to injured workers to protect the value of their benefits from the effects of inflation, logic dictates that no supplemental benefits should be included in the Grice offset calculation. Otherwise, the very purpose of supplemental benefits would be frustrated.
Pickard and Johns both relied on Hunt v. Stratton, 677 So.2d 64, 67 (Fla. 1st DCA 1996), a social security offset case in which, in dicta, the court said, "[w]hile the existing workers' compensation supplemental benefit is considered in the initial calculation of the workers' compensation offset, the law does not contemplate a recalculation *761 of the offset based upon any increases thereafter." Hunt, in turn, relied on two previous social security offset cases Hunter v. South Florida Sod, 666 So.2d 1018 (Fla. 1st DCA 1996), and Hyatt v. Larson Dairy, Inc., 589 So.2d 367 (Fla. 1st DCA 1991). However, reliance on social security offset cases is misplaced because a social security offset is distinct from a Grice offset, and is governed by a different statute. See Jackson v. Hochadel Roofing Co., 794 So.2d 668 (Fla. 1st DCA 2001). There is no statutory support for concluding that supplemental benefits are subject to the 100 percent average weekly wage cap of Grice. In fact, there is statutory authority suggesting that supplemental benefits should be excluded from the cap because supplemental benefits are capped not at the claimant's average weekly wage, but at the higher maximum compensation rate under section 440.15(1)(f)1, Florida Statutes (1995). To subject supplemental benefits to the Grice cap would render section 440.15(1)(f)1 meaningless. See Dixon v. GAB Bus. Servs., Inc., 767 So.2d 443 (Fla.2000) (interpretation of the statute in Grice to mean that a claimant may not receive in excess of 100 percent of average weekly wage was a judicial interpretation of an ambiguous statute, and should not be extended to render another statute meaningless). Accordingly, we recede from Pickard, Johns, and any other prior decision of this court to the extent they are inconsistent with our holding here.

III.
On cross-appeal, the claimant argues that the judge of compensation claims erred in allowing the employer and servicing agent to take the Grice offset retroactively to May 1, 1997, the date of the Grice decision. He asserts that the employer and servicing agent were limited to taking the offset prospectively from October 15, 1999, the date on which they first asserted the right to take it. We reject this position. Pursuant to section 440.15(13), Florida Statutes (1995), a claimant is required to repay any benefit to which he or she is not entitled. Based on that statute, we have held that an employer and carrier are entitled to take a Grice offset retroactively to May 1, 1997. Pickard, 778 So.2d at 301; Santa Rosa County Sch. Bd. v. Howard, 745 So.2d 1132 (Fla. 1st DCA 1999). Section 440.15(10)(c), Florida Statutes (1995), addresses only social security offsets. It does not apply to Grice offsets. There is no other statutory authority which suggests that section 440.15(13) does not apply in situations such as this.
Alternatively, the claimant argues that even if the employer and servicing agent were allowed to take a retroactive Grice offset, the offset was incorrectly calculated. We agree with the employer and servicing agent that this claim is not preserved for appeal because it was not specifically raised before the judge of compensation claims. See University of West Florida v. Mixson, 752 So.2d 92 (Fla. 1st DCA 2000).

IV.
In conclusion, we affirm the ruling that supplemental benefits must be excluded from the initial calculation of a Grice offset. We recede from all prior decisions of this court holding to the contrary. We also affirm the ruling that the employer and servicing agent were entitled to take a Grice offset retroactively to May 1, 1997. Finally, we hold that the claimant's challenge to the offset calculation, itself, is unpreserved.
AFFIRMED.
ALLEN, C.J., ERVIN, BOOTH, BARFIELD, MINER, WOLF, KAHN, *762 DAVIS, BENTON, VAN NORTWICK, PADOVANO, BROWNING, LEWIS and POLSTON, JJ., concur.