898 So.2d 126 (2005)
Daniel McDADE, Appellant,
v.
PALM BEACH COUNTY SCHOOL DISTRICT and F.A. Richard and Associates, Inc., Appellees.
No. 1D03-2296.
District Court of Appeal of Florida, First District.
March 4, 2005.
*127 Randall T. Porcher, Esquire of Gonzalez & Porcher, P.A., Lake Worth, for Appellant.
Scott Andrew Silver, Esquire and Aimeemarie Dias, Esquire of Silver, Levy & Feldman, P.A., for Appellees.
BENTON, J.
Daniel McDade appeals the final order denying his petition for benefits and authorizing a former employer to take an offset (retroactively) against workers' compensation benefits because he had received paid leave from subsequent employment with a different employer. We reverse.
While working as an electrician for the Palm Beach County School District on July 30, 1998, Mr. McDade suffered a compensable back injury. In January of the following year, after an apparent, partial recovery, he resigned from the electrician's job with the School District, and began working for the City of Palm Beach Gardens as a code enforcement officer. While there, however, his back condition worsened, and he became permanently and totally disabled as of July 5, 2000.
The back injury he sustained working for the School District is the major contributing cause of his permanent, total disability. Accordingly, the School District has paid workers' compensation benefits for the period since July 5, 2000. For part of this period, Mr. McDade also received paid sick, vacation, then disability leave, entitlement to which he had earned working for the City. After exhausting his right to other City leave, he used 32 hours of leave contributed by his coworkers as part of a leave-sharing program.
In April of 2001, after learning of the benefits Mr. McDade had received by virtue of his City employment, the School District's servicing agent began to reduce his weekly workers' compensation benefits by 20 percent on the purported authority of section 440.15(13), Florida Statutes (2001) ("If an employee has received . . . an indemnity benefit . . . to which . . . he is not entitled, the employee is liable to . . . have that sum deducted from future benefits."). See generally Monroe v. Publix # 148, 790 So.2d 1249, 1251 (Fla. 1st DCA 2001); Brown v. L.P. Sanitation, 689 So.2d 332, 333 (Fla. 1st DCA 1997).
In response, Mr. McDade filed a petition for benefits contending that there had been no overpayment that would justify deductions, pointing out that the paid leave he had received was on account of employment by the City, not the School District. But, following a merits hearing, the judge of compensation claims concluded that the paid leave from City employment constituted payment from a "collateral source" within the meaning of Escambia County Sheriff's Dep't v. Grice, 692 So.2d 896 (Fla.1997); ruled that the School District's servicing agent was entitled to an offset based *128 on the value of the paid leave, including paid leave contributed by third persons; and denied the petition for benefits. This appeal followed.
"We begin our analysis with the premise that workers' compensation is purely a creature of statute." Travelers Ins. Co. v. Sitko, 496 So.2d 920, 921(Fla. 1st DCA 1986). The Legislature has statutorily authorized offsets and reductions in several situations. See § 440.09(1)(d), Fla. Stat. (2004) (for accidents occurring in other jurisdictions); § 440.09(5), Fla. Stat. (2004) (for failure to use a safety appliance); § 440.15(4)(a), Fla. Stat. (2004) (for earned wages in cases of temporary partial disability); § 440.15(9), Fla. Stat. (2004) (for social security benefits); § 440.15(10), Fla. Stat. (2004) (for unemployment compensation benefits); § 440.20(13), Fla. Stat. (2004) (for advance payments of compensation); § 440.20(14), Fla. Stat. (2004) (for payment of wages and medical expenses made in lieu of compensation benefits prior to an award of compensation); § 440.39(2), Fla. Stat. (2004) (for third-party recovery). But no statute authorizes an offset to, or reduction of, workers' compensation benefits on account of paid leave from subsequent employment with a new employer.
Considering an offset, calculated by taking into account disability retirement payments an employee received because the employer who was responsible for workers' compensation benefits had also financed a retirement program, the Grice court answered affirmatively this certified question:
WHEN AN EMPLOYEE RECEIVES WORKERS' COMPENSATION, STATE DISABILITY RETIREMENT, AND SOCIAL SECURITY DISABILITY BENEFITS, IS THE EMPLOYER ENTITLED TO OFFSET AMOUNTS PAID TO THE EMPLOYEE FOR STATE DISABILITY RETIREMENT AND SOCIAL SECURITY DISABILITY AGAINST WORKERS' COMPENSATION BENEFITS TO THE EXTENT THAT THE COMBINED TOTAL OF ALL BENEFITS EXCEEDS THE EMPLOYEE'S AVERAGE WEEKLY WAGE?
Grice, 692 So.2d at97. Quoting Brown v. S.S. Kresge Co., 305 So.2d 191, 194 (Fla.1974), our supreme court held that "when an injured employee receives the equivalent of his full wages from whatever employer source that should be the limit of compensation to which he is entitled." Grice, 692 So.2d 898 (emphasis supplied).
The Grice court relied on[*] section 440.20(15), Florida Statutes (1985), which provides, in relevant part:
When an employee is injured and the employer pays his full wages or any part thereof during the period of disability, or pays medical expenses for such employee, and the case is contested by the carrier or the carrier and employer and thereafter the carrier . . . makes a payment of compensation or medical benefits, the employer shall be entitled to reimbursement to the extent of the compensation paid or awarded, plus medical benefits, if any, out of the first proceeds paid by the carrier in compliance. . . .
This language, now codified at section 440.20(14), Florida Statutes (2004), pertains *129 to "the employer," not "any employer."
The Grice decision held that the employer for whom the claimant was working at the time of the compensable injury  and who is therefore responsible for workers' compensation benefits  need not pay aggregate benefits in excess of average weekly wages. The cases hold that the employer at the time of the compensable accident can cap permanent total disability benefits so that, together with other benefits the same employer provides, they do not exceed the employee's average weekly wage. See Barragan v. City of Miami, 545 So.2d 252 (Fla.1989) (pension funded by same public employer); Domutz v. Southern Bell Tel. & Tel. Co., 339 So.2d 636 (Fla.1976) (pension funded by same private employer); Brown, 305 So.2d at 194 (sick leave provided by same private employer). The Grice court "h[e]ld that an injured worker, except where expressly given such a right by contract, may not receive benefits from his employer and other collateral sources which, when totalled, exceed 100% of his average weekly wage." 692 So.2d at 898.
Neither Grice nor its progeny has defined "other collateral sources" to include sources which the employer at the time of the compensable accident in no way funded. More recent cases have excluded even sources to which the employer at the time of the compensable accident has contributed. See State v. Herny, 781 So.2d 1067, 1068 (Fla.2001) (holding that Grice does not authorize any offset on account of a monthly health insurance subsidy the state pays its retired employees); City of Hollywood v. Lombardi, 770 So.2d 1196, 1205 (Fla.2000) (holding that Grice does not authorize any offset on account of pension benefits funded in part by the employer and in part by the employee); Dixon v. Pasadena Yacht & Country Club, 731 So.2d 141, 142 (Fla. 1st DCA 1999) (holding that social security retirement benefits do not constitute a "collateral source" which may be used to calculate an offset against workers' compensation benefits). In any event, since the paid leave at issue arose out of Mr. McDade's subsequently contracted employment with the City, he falls within the exception for "an injured worker . . . expressly given such a right by contract." Grice, 692 So.2d at 898.
The present case is analytically the same as if Mr. McDade had contracted with an insurance company for private disability insurance or, for that matter, an annuity, instead of with the City for new employment. He was entitled to paid leave because of his employment contract with the City and because he enrolled in the leave-sharing program there. The School District did not provide the paid leave on which it relies in claiming an offset.
The order denying the petition for benefits is reversed, and the case is remanded for further proceedings consistent with this opinion.
PADOVANO and HAWKES, JJ., concur.
NOTES
[*] Quoting Dixon v. GAB Bus. Servs., Inc., 767 So.2d 443, 445 (Fla.2000), our supreme court has said:

We have acknowledged that the 100% AWW cap that we discussed in Grice did not come from a strictly literal reading of [what is now] section 440.20(15), but rather from a "judicial interpretation of an ambiguous statute."
City of Hollywood v. Lombardi, 770 So.2d 1196, 1204 (Fla.2000) (footnote omitted).