959 So.2d 1262 (2007)
STATE of Florida MARINE PATROL and the Florida Department of Financial Services, Appellants,
v.
Leon CLIFTON, Appellee.
No. 1D06-4605.
District Court of Appeal of Florida, First District.
July 6, 2007.
Patrick J. Malone of Patrick J. Malone, P.A., Conyers, for Appellants.
Marc E. Golden, West Palm Beach, and Bill McCabe, Longwood, for Appellee.
DAVIS, J.
The employer/carrier (collectively, the "E/C") seeks review of an order of the judge of compensation claims ("JCC") in which the JCC determined that social security dependent benefits received by claimant's children due to claimant's disability could not be included within the E/C's offset calculated pursuant to Escambia County Sheriff's Department v. Grice, 692 So.2d 896 (Fla.1997). We agree with the E/C that the dependent benefits received by claimant's children as a result of claimant's disability constitute benefits from a collateral source under Grice and, thus, may be included in the Grice offset calculation. As such, we reverse the JCC's order and remand.
Claimant, Leon Clifton, was injured in compensable accidents on May 31, 1994, and October 7, 1994, while working for the employer, the Florida Marine Patrol. As a result of his injury, claimant received permanent total disability ("PTD") benefits from the E/C, in-line-of-duty disability retirement benefits as a member of the Florida Retirement System, and social security disability ("SSD") benefits. Pursuant to Grice, the E/C offset claimant's PTD benefits so that the amount he received from his employer and other collateral sources did not exceed his average weekly wage ("AWW"). As a result of the offset, the E/C paid claimant $222.54 per week in early 2004. Thereafter, the Social Security Administration began paying social security dependent benefits to claimant's two minor children due to claimant's disability. The dependent benefits are paid to claimant's wife, the representative payee, for the children's use and benefit. The E/C recalculated the offset to include *1263 the dependent benefits. This resulted in a smaller weekly benefit of $117.25. Claimant filed a petition for benefits seeking a determination as to the correct offset amount. The JCC agreed with the E/C that who the representative payee is for the dependent benefits is unimportant. Nevertheless, the JCC reasoned that because claimant's children, not claimant, received the dependent benefits, they could not be included in the Grice offset calculation. This appeal followed.
Section 440.20(14), Florida Statutes (Supp.1994), provides:
When an employee is injured and the employer pays his full wages or any part thereof during the period of disability, or pays medical expenses for such employee, and the case is contested by the carrier or the carrier and employer and thereafter the carrier, either voluntarily or pursuant to an award, makes a payment of compensation or medical benefits, the employer shall be entitled to reimbursement to the extent of the compensation paid or awarded, plus medical benefits, if any, out of the first proceeds paid by the carrier in compliance with such voluntary payment or award, provided the employer furnishes satisfactory proof to the judge of compensation claims of such payment of compensation and medical benefits. Any payment by the employer over and above compensation paid or awarded and medical benefits, pursuant to subsection (13), shall be considered a gratuity.
The supreme court has interpreted the foregoing language to mean "`when an injured employee receives the equivalent of his full wages from whatever employer source that should be the limit of compensation to which he is entitled.'" Grice, 692 So.2d at 898 (quoting Brown v. S.S. Kresge Co., 305 So.2d 191, 194 (Fla.1974)).
In Grice, the supreme court affirmatively answered the following certified question:
When an employee receives workers' compensation, state disability retirement, and social security disability benefits, is the employer entitled to offset amounts paid to the employee for state disability retirement and social security disability against workers' compensation benefits to the extent that the combined total of all benefits exceeds the employee's average weekly wage?
692 So.2d at 897. The claimant in Grice received PTD benefits, SSD benefits, and state disability retirement benefits. Id. The claimant's AWW was $583.88. Id. Before any offsets, the claimant received approximately $723 weekly. Id. The supreme court concluded that the E/C could offset the claimant's workers' compensation benefits to the extent that the total of his workers' compensation, disability retirement, and SSD benefits exceeded his AWW. Id. at 898. After citing section 440.20(15), Florida Statutes (1985), which is virtually identical to the 1994 version of section 440.20(14), the supreme court held, "[A]n injured worker, except where expressly given such a right by contract, may not receive benefits from his employer and other collateral sources, which, when totalled, exceed 100% of his average weekly wage."[*]Id.
*1264 There is no question that SSD benefits constitute benefits from a collateral source under Grice for purposes of the offset. The parties agree, however, that the issue of whether social security dependent benefits may be included in a Grice offset calculation is one of first impression. Because this issue presents a question of law, we review the JCC's ruling de novo. See Socolow v. Flanigans Enters., 877 So.2d 742, 743 (Fla. 1st DCA 2004).
We have previously held that social security retirement benefits could not be included within a Grice offset calculation because they do not constitute a collateral source as contemplated by Grice. See Dixon v. Pasadena Yacht & Country Club, 731 So.2d 141, 144 (Fla. 1st DCA 1999). We saw a critical distinction between indemnity benefits "owed as a result of one's disabling condition" and social security retirement benefits. See id. at 143. Similarly, health insurance subsidies that assist state retirees, regardless of disability, in paying health insurance premiums may not be included within a Grice offset calculation because such a subsidy was not intended as a disability benefit. See State v. Herny, 781 So.2d 1067, 1068 (Fla.2001).
In contrast to the benefits addressed in Dixon and Herny, it is undisputed that claimant's children receive the dependent benefits solely because of claimant's disability. See 20 C.F.R. § 404.350 (1994) (providing that a person is entitled to "child's benefits" through the Social Security Administration on the earnings of an insured individual who is entitled to old-age or disability benefits if the person applies, is under age eighteen in most circumstances and unmarried, and is the insured's child and dependent on the insured). The benefits must be used for the use and benefit of the children, which includes the cost incurred in obtaining food, shelter, clothing, medical care, and personal comfort items. See 20 C.F.R. § 404.2040(a)(1) (1994). This fact, contrary to the JCC's determination, does not render the dependent benefits ineligible for inclusion in the Grice offset calculation. It instead supports the E/C's argument that the benefits should be included in the calculation.
Although claimant might not directly benefit from the funds, in that they must be spent on his children, claimant certainly receives an indirect benefit as a result of the additional funds. Were it not for the dependent benefits, claimant would be forced to spend a greater portion of his own benefits for his children's care. Given that the obvious purpose behind the dependent benefits is to assist the children because of their dependence on claimant, a disabled individual, there is no question that the benefits are owed as a result of claimant's disabling condition. We, therefore, hold that the dependent benefits constitute benefits from a collateral source under Grice and may be included in the E/C's Grice offset calculation.
Accordingly, we REVERSE the JCC's order and REMAND for further proceedings.
WEBSTER and VAN NORTWICK, JJ., concur.
NOTES
[*] We note that the E/C did not take the separate social security offset provided for in section 440.15(10), Florida Statutes (Supp.1994). "As Grice makes clear, the social security offset under section 440.15(9)(a) [codified in 1994 as section 440.15(10) ] is different and distinct from the offset allowed under section 440.20(15) [codified in 1994 as section 440.20(14) ]." Jackson v. Hochadel Roofing Co., 794 So.2d 668, 669-70 (Fla. 1st DCA 2001). Because claimant's monthly AWW is greater than eighty percent of his monthly average current earnings, the Grice offset, rather than the social security offset, is applicable. See Dixon v. GAB Bus. Servs., Inc., 767 So.2d 443, 445 (Fla.2000); Miami-Dade County v. Lovett, 888 So.2d 136, 138 (Fla. 1st DCA 2004).